KENNETH LENOIR *v.* STATE OF INDIANA.

[No. 476S130. Filed November 10, 1977.]

*Dennis J. Stanton,* of Crown Point, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Lenoir was convicted in Lake Superior Court on December 16, 1975, of commission of a felony while armed. He was sentenced to fifteen years imprisonment. A hearing was held on appellant's motion for post-conviction relief under Ind. R. P.C. 2 in February 1977. This motion was denied in May 1977, and the present appeal follows.

The sole issue presented is whether appellant's trial counsel was competent. Appellant alleges incompetency based on his counsel's failure to call either Albert Winston or Raymond Baxter as witnesses at trial. Albert Winston pleaded guilty to armed robbery in February 1976, which plea was based on the same incident as the present case. At trial, appellant testified that he did not commit the robbery in question, but that Winston had appeared at his residence shortly after the time of the robbery stating that Baxter was also on his way over. Three eyewitnesses at appellant's trial, however, identified appellant as one of the two perpetrators of the robbery.

Appellant, Winston, and Baxter all filed affidavits subsequent to appellant's conviction, stating that appellant did not participate in the robbery. Winston's affidavit stated that Baxter was his partner, and Baxter stated in his affidavit that he was in fact the other robber along with Winston. Winston's testimony at the post-conviction hearing was to the same effect as his affidavit. Baxter, however, refused to answer any questions about his knowledge of or involvement in the robbery at the post-conviction hearing, repeatedly pleading the Fifth Amendment. Appellant's trial counsel was not called to testify at the post-conviction hearing.

In a post-conviction hearing, the petitioner has the burden of establishing his grounds for relief by a preponderance of

the evidence. *Roberts* v. *State,* (1975) 263 Ind. 53, 54, 324 N.E.2d 265, 266; Ind. R. P.C. 1, § 5. Further, when incompetency of counsel is alleged, there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption. *Blackburn* v. *State,* (1973) 260 Ind. 5, 22, 291 N.E.2d 686, 696. The presumption of competency is overcome only by showing that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the court. Allegations which are merely critiques of trial tactics and strategy are not proper elements of incompetency of counsel. *Roberts, supra. Kelly* v. *State,* (1972) 259 Ind. 414, 416-17, 287 N.E.2d 872, 874. Finally, in cases such as this where no effort was made to produce either the testimony of the trial counsel or counsel's affidavit, the court at a post-conviction hearing may infer that the counsel would not have corroborated defendant's allegations of incompetency. *Vernon* v. *State,* (1975) 166 Ind. App. 363, 336 N.E.2d 415, 417.

In his denial of post-conviction relief in this case, the trial court found that the testimony of Winston and Baxter would be cumulative and impeaching only, in view of their self-interest and credibility as opposed to the three eyewitnesses at trial. The court thus resolved the conflict of evidence and concluded that the testimony of Winston and Baxter would probably not produce a different result in a retrial. In view of the conduct and demeanor of Winston and Baxter at the post-conviction hearing, the court stated that it could not find error in trial counsel's failure to call them as witnesses as a matter of strategy. Thus, the court concluded that trial counsel was neither negligent nor incompetent. We do not disturb the trial court's decision against the party bearing the burden of proof, unless the evidence is without conflict and leads unerringly to a result

not reached by the trial court. *Roberts, supra*. Thus, we must uphold the trial court's denial of post-conviction relief in this case.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 368 N.E.2d 1356.