William O. HERMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 878S158.

Supreme Court of Indiana.

Oct. 3, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Herman was charged with two counts of first degree murder in Elkhart Superior Court. On December 5, 1974, he entered pleas of guilty to two counts of second degree murder. On January 16, 1975, he was sentenced to two life terms. These convictions were never appealed. On September 22, 1975, appellant filed his *pro se* petition for post-conviction relief. The State Public Defender entered her appearance and filed a motion to amend the petition which was granted. Hearings on this petition were held on March 4, 1977, and again on April 1, 1977. After the parties filed briefs and memoranda, the court, on November 28, 1977, filed findings of fact and conclusions of law and the following judgment and order:

> "The court is of the opinion that from the record and all the evidence the petitioner has not by a preponderance of the evidence showed that he is entitled to any relief under his amended petition for post-conviction relief and the court now denies said petition and it is so ordered."

A motion to correct errors was subsequently filed by the appellant and denied by the court. He now raises four issues for our review on this appeal, as follows: (1) whether the sentencing court erred and abused its discretion in denying Herman's pre-sentence motion to withdraw his pleas of guilty; (2) whether the post-conviction court erred in finding the penalty imposed by the sentencing judge to be not excessive in light of the offense and the circumstances of the case; (3) whether the post-conviction court erred in finding that the failure to hold a hearing on the issue of Herman's competence to stand trial was not error; and (4) whether the post-conviction court erred in finding that appellant had been effectively represented by counsel.

I.

On December 5, 1974, appellant appeared with counsel and, by counsel, moved that

the court permit him to withdraw his pleas of not guilty and enter pleas in both cases of guilty to the lesser-included offense of second degree murder. The trial judge conducted a lengthy hearing before granting the motion. The court explained very thoroughly the nature of the charges, the constitutional rights appellant had, and the waivers he was effecting by entering guilty pleas. The court determined that the defendant fully understood the nature of the charges against him, the penalties that could be imposed upon conviction, and the constitutional rights he was waiving.

Appellant acknowledged that he fully understood all of these things, and that he wanted to waive all of his rights and enter pleas of guilty in both of the cases. He admitted in open court that he did kill both of the victims. The judge explained to him that he might receive life imprisonment or an indeterminate term of not less than fifteen nor more than twenty-five years. Herman was further told that the judge was not committed to any plea bargain and was not representing to Herman what sentence he would impose. Appellant acknowledged that he understood this, and further stated that he had received no promises and had not been subjected to threats or coercion in any manner in entering these pleas. The court then granted appellant's motion to withdraw his not guilty pleas. The guilty pleas were then accepted by the court. Sentencing was set for January 16, 1975.

Appellant does not claim that the court failed in any way to advise him of his constitutional rights or that the judge did anything improper at that time. He does not allege that he has a defense to these charges, or that he is not guilty of the charges. However, on December 19, 1974, two weeks after entering the guilty pleas, but before sentencing, the defendant filed a motion to withdraw his guilty pleas. His sole basis for this motion related to a discussion his counsel had with the prosecutor.

Appellant alleged that during the time he discussed with his attorney the possibility of entering these pleas, his counsel revealed that he had talked to the prosecuting attorney, Cosentino. The prosecutor apparently told him that it was his understanding that a person serving a life term under a conviction of second degree murder could be subject to parole in thirteen and one-half to fifteen years, while a person serving a life term under conviction of first degree murder could expect to be subject to parole in about twenty-five years. Herman's attorney, Denton, acknowledged that the prosecutor had made such a remark to him. Cosentino stated at the post-conviction hearing that he had discussed this case with Denton. He said the statement was not made as any commitment or promise to anyone and that he and Denton both understood this. Cosentino said he had no actual knowledge of what the parole board would do in either case, but had come to understand that this was the general practice. Appellant stated that he believed this to be true at that time, but had since found that persons serving a life term under either a second or first degree murder charge could expect to serve around twenty-two years before being considered for parole. There was no direct evidence as to the actual truth of any of these assertions. No evidence was presented to the court at the post-conviction relief hearing concerning the practices of the parole board.

The defendant does not claim that the trial judge or prosecutor promised him that he would receive parole at a certain time. He simply states that it was his understanding that he would have a chance at earlier parole under a second degree murder conviction than he would have had under a first degree murder conviction, even though he would have received a life term in either event.

Appellant Herman's motion to withdraw his guilty plea was based on Ind.Code (Burns 1975) § 35–4.1–1–6(b):

"After entry of a plea of guilty but before imposition of sentence, upon motion of the defendant the court may in its discretion allow the defendant to withdraw his plea of guilty for any fair and just reason unless the state has been sub-

stantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty made pursuant to this subsection shall be in writing and verified. The motion shall state the facts in support of the relief demanded and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. Provided, however, the court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice as defined in subsection (c) of this section."

Appellant Herman does not contend that the court was required to act to correct a manifest injustice, as provided under subsection (c). He argues that the court abused its discretion in not allowing him to withdraw his pleas pursuant to subsection (b).

The State filed counter-affidavits, alleging that the State would be prejudiced if the defendant were allowed to withdraw his guilty pleas. The State claimed it was required to relinquish a firm setting for a jury trial on this cause because of the guilty pleas being entered. The State further showed that because of the crowded condition of the court docket, it would be some time before the State could again obtain a firm trial date for this case. In addition, the State contended, resetting the cause for trial would require renewed preparation and the recalling of witnesses that had been called before and then excused. Thus, the State argues, the whole process would be very time consuming and expensive to the citizens of Elkhart County.

The judge in the post-conviction hearing found that at the time he pleaded guilty, appellant was fully advised as to the penalties prescribed for second degree murder and acknowledged that he was aware of those penalties. The court further found that even though appellant and his attorney discussed what might be expected regarding parole release, there was no promise or commitment on which appellant relied which could have led him to have a misunderstanding as to what probable penalties he faced. Based on the facts and evidence presented at the post-conviction hearing, the court found that appellant had not supported, by a preponderance of the evidence, his claim that the sentencing judge abused this discretion in denying the motion to withdraw the guilty pleas.

■ The burden of proof in a post-conviction hearing is on the petitioner. *Lenoir v. State*, (1977) Ind., 368 N.E.2d 1356, 1357; *Perkins v. State*, (1975) 263 Ind. 270, 271, 329 N.E.2d 572, 573. The trial court is the trier of fact and sole judge of the weight of the evidence and credibility of the witnesses. A judgment of the trial court will not be disturbed unless the evidence is without conflict and leads inescapably to a conclusion which is contrary to that reached by the trial court. *Perkins v. State, supra; Hoskins v. State*, (1973) 261 Ind. 291, 295, 302 N.E.2d 499, 501. *See Turner v. State*, (1972) 259 Ind. 344, 346, 287 N.E.2d 339, 341.

■ It is apparent that appellant was well aware of the sentence he faced and had had the consequences of his plea of guilty fully explained to him. Any question regarding the expectation of parole lies in the future and within the full jurisdiction of the Department of Corrections and the parole board. There has been no showing that appellant will not, in fact, be considered for parole within the thirteen and one-half to fifteen years that he has spoken of. Therefore, we see no grounds to reverse the post-conviction hearing court in its finding that the sentencing judge did not abuse his discretion in refusing to allow the defendant to withdraw his guilty pleas.

## II.

■ Appellant next claims that post-conviction relief court should have found that the sentencing judge gave him excessive sentences under the facts of this case. Appellant was sentenced to life terms on each of the convictions, rather than the lesser penalty of an indeterminate period of fifteen to twenty-five years. The evidence was clear that appellant had caused the

death of two people by repeatedly stabbing them with a knife. He admitted to the judge when he entered his guilty pleas that he did, in fact, stab the two victims, and that he intended to kill them when he did so. Based upon these facts, the post-conviction relief court could reasonably conclude that the sentencing judge showed an appropriate exercise of discretion by imposing the higher sentence. *Dodson v. State*, (1978) Ind., 381 N.E.2d 90, 93; *Wilson v. State*, (1978) Ind., 373 N.E.2d 1095, 1096; *Shackleford v. State*, (1976) 264 Ind. 698, 707, 349 N.E.2d 150, 156. *See Wilson v. State*, (1978) Ind., 374 N.E.2d 45, 50.

### III.

Appellant next asserts that the post-conviction hearing judge erred when he found that the sentencing judge did not err in failing to hold a hearing on the issue of Herman's competence to stand trial. As part of his findings in the post-conviction hearing, the court found that the appellant openly discussed the entire situation with the sentencing judge. Appellant stated that he fully understood what his circumstances were, and that the only thing wrong with him was a heart problem for which he was taking medication. Appellant had also been examined by two court-appointed psychiatrists.

Dr. Yuhn stated at the post-conviction relief hearing that Herman was in good contact with reality and not delusional. According to Dr. Yuhn, Herman showed no evidence of psychosis, was not insane or an alcoholic, and was competent to understand the nature of the charges against him and assist his counsel. Dr. Yuhn's diagnosis was that petitioner was in that same condition in December of 1974 when he entered his guilty pleas.

Dr. Price testified at the post-conviction relief hearing that appellant was in a borderline ego state, under continuing tension and anxiety, and used alcohol to divert his chronic anxiety. He stated that during times of stress Herman expressed an aggressive attitude. Dr. Price also thought appellant could comprehend the nature of his acts and could cooperate with his attorney.

■ On the basis of all of these facts, the post-conviction relief court found that the sentencing judge was justified in accepting the guilty pleas of appellant without further inquiry or hearing in regard to his sanity. We have held that a hearing is not required when both appointed psychiatrists report that the defendant is fully competent to stand trial. *Montague v. State*, (1977) 266 Ind. 51, 57, 360 N.E.2d 181, 186; *Brown v. State*, (1976) 264 Ind. 484, 487, 346 N.E.2d 559, 560. This Court further stated in *Malo v. State*, (1977) 266 Ind. 157, 160–61, 361 N.E.2d 1201, 1204: "The presence of indicators requiring the court to hold a hearing under Ind.Code (Burns 1975) § 35–5–3.1–1 must, of necessity, be determined upon the facts of each case as it arises." The post-conviction hearing judge had ample evidence from which to find that appellant failed to show reversible error as to this issue.

### IV.

■ Finally, the post-conviction relief trial judge found that Herman had been effectively represented by counsel. There is a presumption that counsel has been competent, and strong and convincing evidence is required to rebut this presumption. The appellant must show that what the attorney did or did not do made the proceedings a mockery of justice shocking to the conscience of the reviewing court. In making this determination, the Court will not second-guess tactics or strategy. *Dull v. State*, (1978) Ind., 372 N.E.2d 171, 173; *Lenoir v. State*, (1977) Ind., 368 N.E.2d 1356, 1358.

■ The evidence showed that Herman's counsel had been practicing law since 1965 and had experience in over 300 criminal cases, including 108 assigned to him as public defender from July, 1974 until January, 1975. He had consulted with Herman seventeen times, talked with Dr. Yuhn, and generally helped Herman enter the pleas and request withdrawal of the guilty pleas.

The only complaints made by Herman refer to certain strategy decisions. There was no showing that attorney Denton was not fully competent and did not effectively represent appellant. The post-conviction court therefore did not err in finding that the appellant did not carry his burden of proof on this issue.

Finding no reversible error, we affirm the judgment of the trial court.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.