Gerald COCHRAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S164.

Supreme Court of Indiana.

March 7, 1983.

William C. Erbecker and Jack R. Sutherland, Erbecker & Sutherland, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner Gerald Cochran appeals from a denial of his Petition for Post-Conviction Relief by the Marion Superior Court, Criminal Division, Room 3. On August 3, 1976, Petitioner was charged by Information with first degree murder. A jury subsequently found Petitioner guilty of second degree murder and the trial court sentenced him to life imprisonment. Petitioner thence perfected a direct appeal to this Court which affirmed his conviction on August 7, 1978. On January 18, 1980, Petitioner filed his Petition for Post-Conviction Relief which later was heard and denied by the trial court. Petitioner now pursues this belated appeal with our permission. He raises the following issue:

1. whether the post-conviction relief court erred by holding that Petitioner was not denied the effective assistance of counsel during his murder trial.

Petitioner and his appellate counsel, Chris Zoeller, were the only witnesses at Petitioner's post-conviction relief hearing. Attorney Zoeller testified that he raised on direct appeal every issue properly preserved during Petitioner's trial. He generally referred to another possible issue stemming from Petitioner's trial but did not give any opinion as to whether or not any other issue should have been preserved. Also, he did not proffer an opinion as to whether or not the failure to preserve any other issue represented the trial counsel's incompetency or poor judgment. Petitioner testified that his trial counsel, Grant Hawkins, did not discuss Petitioner's case with him a sufficient number of times and that Hawkins refused to call certain requested witnesses. Petitioner also stated that he did not think that Hawkins had preserved enough issues for his appeal. Petitioner neither indicated what additional issues might have been preserved nor offered any reason why Hawkins may have overlooked them. Petitioner specifically testified that Hawkins was not incompetent. He also testified that Hawkins met with him to prepare his case for trial on three or four different occasions for twenty to thirty minutes each time. Petitioner further stated that the witnesses not called by Hawkins would have testified that Petitioner had a drinking problem and had been drinking heavily the week before the incident precipitating Petitioner's conviction. Neither Hawkins nor any of the witnesses not called by Hawkins were called by Petitioner to testify at his post-conviction hearing.

I

In post-conviction relief proceedings, the petitioner bears the burden of proving his contentions by a preponderance of the evidence. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and of the credibility of the witnesses. The petitioner stands in the position of one appealing from a negative judgment. In these cases, the trial court's decision will be disturbed as contrary to law only when the evidence is without conflict and leads to but one conclusion which is opposite to the trial court's decision. *Lipps v. State,* (1981) Ind., 428 N.E.2d 237; *Rufer v. State,* (1980) Ind., 413 N.E.2d 880; *Walker v. State,* (1978) 267 Ind. 649, 372 N.E.2d 739.

The standard of review pertaining to ineffective assistance of counsel claims is well-settled in Indiana. There is a strong presumption that an attorney has properly discharged his duties to his client. To overcome this presumption, it must be shown

that what the attorney did or did not do resulted in the trial as a whole being rendered such a mockery of justice as to shock the Court's conscience. *Rahim v. State,* (1981) Ind., 417 N.E.2d 343; *Leaver v. State,* (1981) Ind., 414 N.E.2d 959; *Herman v. State,* (1979) Ind., 395 N.E.2d 249. Choices of trial strategies and tactics are insufficient to establish ineffective representation even though others may have made different choices and such choices may be subject to criticism. *Dean v. State,* (1982) Ind., 432 N.E.2d 40, *reh. denied; Carlyle v. State,* (1981) Ind., 428 N.E.2d 10; *Hendrix v. State,* (1981) Ind., 418 N.E.2d 1161; *Duncan v. State,* (1980) Ind., 400 N.E.2d 1112.

 Petitioner Cochran's complaints about his trial counsel are matters of trial strategy and matters of trial strategy are not sufficient to establish ineffective representation. *Dean, supra; Carlyle, supra; Field v. State,* (1981) Ind., 426 N.E.2d 671. The same can be said of decisions on what errors to raise in a motion to correct errors. Petitioner did not present at his post-conviction proceeding any testimony from the witnesses he has alleged were available for his trial but not called. Furthermore, we have no testimony from Attorney Hawkins as to the manner in which he handled these potential witnesses or as to any other decision he made during Petitioner's trial. Petitioner testified at his post-conviction proceeding that at the time of his trial, he did not know the whereabouts of the witness he most wanted Hawkins to call. Petitioner only knew that said prospective witness had "just gotten out of Pendleton." Moreover, we have only Petitioner's word that he insisted that certain people be called as witnesses and that they would have testified as he now claims. We have held:

> "Finally, in cases such as this where no effort was made to produce either the testimony of the trial counsel or counsel's affidavit, the court at a post-conviction hearing may infer that the counsel would not have corroborated defendant's allegations of incompetency. *Vernor v. State,* (1975) [166] Ind.App. [363] 336 N.E.2d 415, 417."

*Lenoir v. State,* (1977) 267 Ind. 212, 214, 368 N.E.2d 1356, 1358.

In view of the above considerations, it cannot be said that Petitioner bore the burden of proving his contentions by a preponderance of the evidence. Accordingly, we hold that the trial court properly denied Petitioner's Petition For Post-Conviction Relief.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.