Robert L. WHITLOCK, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S499.

Supreme Court of Indiana.

Dec. 12, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Robert L. Whitlock entered a plea of guilty to voluntary manslaughter in Marion Superior Court on January 14, 1980. He was sentenced to twenty (20) years imprisonment. A hearing was held on the defendant's *pro se* motion for post-conviction relief under Ind.R.P.C. 1 on April 9, 1981, and the present appeal follows.

The only issue the defendant raises is that the guilty plea was not knowingly, voluntarily, and intelligently made because he was denied effective assistance of counsel. Defendant claims that he was inadequately advised by trial counsel as to the actual time he would have to serve on his sentence and that trial counsel was not properly prepared to present his defense of self-defense and had not adequately advised him about that defense. The defendant claims that his attorney told him if he accepted the plea bargain he would serve a term of only three or four years. He also claims his attorney did not subpoena the witnesses by the morning of trial that the defendant states could have testified about his self-defense claim.

The burden of proof in a post-conviction hearing is on the petitioner to establish grounds for relief by a preponderance of the evidence. *Robinson v. State,* (1982) Ind., 437 N.E.2d 73, 74; *Herman v. State,* (1979) 271 Ind. 680, 684, 395 N.E.2d 249, 252. The trial court is the trier of fact and sole judge of the weight of the evidence and credibility of the witnesses. A judgment of the trial court will not be disturbed unless the evidence is without conflict and leads inescapably to a conclusion which is contrary to that reached by the trial court. *Robinson, supra; Herman, supra.*

The only evidence that supports the allegation of ineffective assistance of counsel is the testimony of the defendant and his mother. Both testified that by accepting the plea agreement, the defendant was assured by counsel that he would serve only three or four years of a twenty year sentence. The defendant also testified that defense counsel did not adequately advise him about the self-defense issue and told him there was no claim of self-defense in Indiana. The defendant did not call his trial counsel as a witness at the post-conviction hearing.

When incompetency of counsel is alleged there is a presumption that an attorney has discharged his duty fully; strong and convincing proof is necessary to overcome this presumption. The presumption is overcome only by showing that the attorney's action or inaction made the proceedings a mockery of justice and shocking to the conscience of the court. *Brown v. State,* (1983) Ind., 443 N.E.2d 316; *Lenoir v. State,* (1977) 267 Ind. 212, 368 N.E.2d 1356. In regard to the defendant's failure to call his trial counsel as a witness at the post-conviction hearing, the trial court would be justified in inferring that the trial counsel would not have corroborated the acts and omissions which led to the alleged inadequate representation. *Cobbs v. State,* (1982) Ind., 434 N.E.2d 883; . *Lenoir, supra.* In addition, "[t]he grant of relief in a post-conviction proceeding due to alleged ineffective representation by counsel requires a showing of harm, the same as with any

other claim of error. *Beard v. State,* (1981) Ind., 428 N.E.2d 772; *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833." *Howland v. State,* (1982) Ind., 442 N.E.2d 1081, 1083.

The record here shows that the defendant acknowledged that he understood his rights, the consequences of entering a plea of guilty, that he was satisfied with trial counsel, that he understood the charges against him, and that he admitted he committed the crime. The trial court advised the defendant of the possible penalty and the maximum and minimum sentences for the offense charged. The record shows that the trial court completely fulfilled its obligation to advise the defendant pursuant to Ind. Code § 35–4.1–1–3 (Burns Repl.1979) (now repealed). During the guilty plea hearing, the defendant discussed his rights with the trial court in detail. Defendant indicated he understood he was receiving a possible twenty year sentence and told the trial court he had had ample time to discuss the plea with his attorney and understood all of the implications in accepting the plea bargain. Just before the hearing concluded, the trial court asked the defendant: "Is there anything about this plea agreement, this arrangement, this understanding that I don't know about that you want to make plain to me?" The defendant answered: "No sir, not anything."

Defendant was facing a murder charge with a possible sentence of thirty to sixty years. The record shows he bargained for and received a twenty year sentence. He pleaded guilty after being advised by the trial court of all of his rights and the implication of entering such a plea. The trial court was accordingly justified in finding that the defendant, in his petition for post-conviction relief, did not carry his burden of showing that his guilty plea was not entered knowingly, voluntarily, and intelligently. We have only the defendant's uncorroborated statement that his trial counsel did not discuss self-defense with him or properly prepare for such defense. We have only the statement of the defendant and his mother that his lawyer informed him he would probably serve only three or four years. This does not amount to a showing of ineffective representation in view of the total record as outlined above.

In addition, the State's position is well-taken that the speculation concerning the amount of time the defendant might actually serve offers many possibilities. With applicable good time statutes, the defendant could have served as little as fifteen years or as many as thirty years had he been tried and found guilty of murder. The State points out, however, there is always the possibility that the defendant would end up serving the entire sentence pronounced. After accepting the plea of guilty to voluntary manslaughter, the trial court was not bound by the twenty year recommendation. It could have reduced the sentence to six years. Considering good time statutes, the defendant could have served from three to ten years. There is no showing that he was necessarily misinformed. If trial counsel had discussed all of these possibilities with the defendant, they would have been accurate. Furthermore, we again have only testimony from the defendant and his mother that the attorney made such assurances and this is not supported by the defendant's conduct in discussing the sentencing issue with the trial court. Defendant indicated he fully understood he would receive a twenty year sentence and did not indicate he had had any question about it or that any assurances were made to him concerning the length of sentence. Defendant made no objection when he received the twenty year sentence and presents no facts that mandate this Court to find the trial court erred in denying his petition for post-conviction relief.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.