Stephan OWENS, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 183S12.

Supreme Court of Indiana.

June 25, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Stephan Owens, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted of three counts of armed robbery and of being a habitual offender. Thereafter, petitioner was sentenced to a total of seventy years' imprisonment. We then affirmed his conviction in *Owens v. State*, (1981) Ind., 427 N.E.2d 880. He raises the following issue in this petition:

1. Whether petitioner was denied his constitutional right to the effective assistance of counsel.

We first note that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind. R.P.C. 1, § 5; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

I.

Petitioner contends that the trial court erred when it concluded he was not denied effective assistance of counsel. He alleges that his counsel's failures, in the following particulars, rendered his representation inadequate: (1) failure to challenge the admissibility of petitioner's confession in a motion to suppress prior to trial; (2) failure to request a probable cause hearing following petitioner's warrantless arrest; (3) failure to object and move to strike key witnesses' identification testimony; (4) failure to perfect his attempts to have petitioner's wife, Denise Owens, testify at trial; and (5) failure to consult with petitioner about the propriety of requesting a certain jury instruction.

Petitioner concedes that his contention is governed by the standard whether his representation constituted a "mockery of justice," as modified by the requirement of "adequate legal representation." *Adams v. State*, (1982) Ind., 430 N.E.2d 771; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. The standard is implemented with the corollary presumption that counsel is competent; strong and convincing evidence must be presented in order to overcome the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) 271 Ind. 588, 394 N.E.2d 160. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective assistance of counsel. This Court will not

speculate as to what may have been the most advantageous strategy in a particular case. *Davis v. State,* 446 N.E.2d at 1321. Moreover, where, as in the case at bar, the petitioner does not call trial counsel as a witness the post-conviction court is justified in inferring that trial counsel would not have corroborated the allegations of ineffective counsel. *Cochran v. State,* (1983) Ind., 445 N.E.2d 974; *Lenoir v. State,* (1977) 267 Ind. 212, 368 N.E.2d 1356.

■ Petitioner's first specification of ineffective representation is that counsel failed to challenge the admissibility of petitioner's confession in a motion to suppress prior to trial. He claims that counsel's decision to raise the issue of petitioner's state of intoxication in front of the jury instead of in a pretrial suppression hearing severely prejudiced the petitioner and constituted ineffective representation. Our review of the record, however, reveals that counsel did in fact file a motion to suppress and during the hearing on the motion extensively questioned the two interrogating police officers about petitioner's state of intoxication. The trial court subsequently denied the motion. We will not question counsel's decision to present evidence on the voluntariness of petitioner's confession to the jury. It was reasonable, if not wise, for counsel to inform the jury of the circumstances surrounding the confession. At trial, the jury was the final judge of the weight to be given petitioner's statement. *Davis,* 446 N.E.2d at 1321.

■ Petitioner also alleges that his counsel failed to argue during the suppression hearing that his confession was illegally induced by promises made to him by various Lawrence police officers. He argues that had counsel raised the issue, the trial court would have suppressed the confession. We find this contention pure trumpery. The record shows that although counsel did not raise the issue in the hearing on the motion to suppress, he did argue, albeit unsuccessfully, the issue at trial. We subsequently held in petitioner's direct appeal that the record supported the trial court's determination that the police

engaged in no improper conduct. *Owens,* 427 N.E.2d at 884. Therefore, petitioner has failed to show any prejudice which resulted from counsel's failure to raise the issue of alleged improper police conduct during the hearing on the motion to suppress.

Petitioner's next claim of ineffective representation involves the alleged failure of counsel to request a probable cause hearing following his warrantless arrest. This contention, in part, is based on a misreading of the record. The record shows that a probable cause hearing was in fact held on July 31, 1979. Moreover, petitioner's claim here fails because he does not show how he was harmed by this purported inadequacy. We found in petitioner's direct appeal that his arrest was based upon probable cause. *Owens,* 427 N.E.2d at 884. Thus petitioner could not have been harmed by any alleged failure to pursue the probable cause issue.

■ Petitioner also complains that counsel's failure to object and move to strike Mr. and Mrs. Snow's identification testimony constituted ineffective assistance of counsel. He contends that two weeks before trial, the witnesses were shown a photograph of a lineup which they had not attended and that this procedure "tainted" the witnesses' subsequent in-court identification. Petitioner now asserts that had counsel objected and moved to strike, the identification testimony would have been excluded from the evidence against him. We disagree. It seems abundantly clear that Mrs. Snow's in-court identification had a basis independent from the pretrial photographic display. Mrs. Snow was employed as a desk clerk at the hotel where the robbery took place. She was not more than six feet away from the perpetrator of the robbery when he announced a "holdup" was taking place. Mrs. Snow testified that she "got a good look at his face for about three to four minutes." She further testified that she recognized petitioner from July 29 (date of robbery) and that the photograph she had seen two weeks earlier was too distorted to make any identification. Petitioner has failed to prove that

Mrs. Snow's testimony would have been excluded but for counsel's failure to move to strike her identification. Thus, petitioner could not have been harmed by any purported failure here.

We also believe petitioner has failed to prove counsel's alleged ineffectiveness as it relates to Mr. Snow's in-court identification. Here counsel might have decided it was better strategy not to object to Mr. Snow's testimony because his identification was weak at best. Mr. Snow testified at the post-conviction hearing that although he identified petitioner, he was not positive and could not say for sure that petitioner was the same person. Counsel may well have believed that, with its weakness, Mr. Snow's testimony was a plus for petitioner. Without the benefit of counsel's testimony here, we will conclude that counsel's decision was a tactical judgment and not necessarily indicative of ineffective representation. *Davis*, 446 N.E.2d at 1321.

█ Prior to trial, petitioner filed a motion which requested the trial court to order the Department of Correction to produce his wife on the day of trial. Mrs. Owens was incarcerated at the correctional facility at Westville. The motion was denied. On appeal, we affirmed the trial court's decision because petitioner never apprised the trial court of the materiality of Denise Owens's testimony. *Owens*, 427 N.E.2d at 883. Petitioner now contends that his counsel's failure to sufficiently apprise the trial court of the relevance of Denise Owens's testimony amounted to ineffective assistance of counsel. We disagree. Petitioner alleges that Denise Owens's testimony was necessary because she was the only person, besides himself, who could rebut the state's claim that the car involved in the robbery belonged to Denise and Stephan Owens. However, petitioner's counsel might have determined that Denise Owens's testimony would be more harmful than helpful since the state certainly would impeach her credibility with evidence of a prior forgery conviction and bias. Furthermore, the ownership of the car was largely clarified at trial. The record shows the car was registered to Denise and "Jerry Owens." Petitioner testified that he had a brother named Jerry, but there was also evidence that petitioner had been known as "Gerald." We finally note that petitioner failed to produce either the testimony of the trial counsel or counsel's affidavit on this point and therefore the court was entitled to infer that counsel would not have corroborated petitioner's allegation of incompetency. *Cochran*, 445 N.E.2d at 974.

█ Petitioner's final claim of ineffective counsel is mainly directed toward counsel's request for an instruction to admonish the jury not to draw any negative inferences from petitioner's failure to testify. Petitioner does *not* allege that counsel requested the instruction over his objection. Instead, he maintains that counsel never consulted with him to determine if he wanted the instruction. Significantly, since petitioner failed to call counsel as a witness at the post-conviction hearing, there is no evidence as to why counsel made the decision he did, or even if he did not consult with petitioner. Thus, as with the preceding claim above, the court was entitled to infer that counsel would not have corroborated petitioner's allegation of incompetency. We conclude that there was competent and adequate representation in the instant case.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.