Ricky VAN EVEY, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1084S391.

Supreme Court of Indiana.

Nov. 6, 1986.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner-appellant, Ricky Van Evey, Jr., is before this Court appealing from the denial of his petition for post-conviction relief. He was charged and convicted by a jury for robbery, a class A felony (Ind.Code § 35–42–5–1), and sentenced to twenty (20) years imprisonment. His conviction was affirmed on direct appeal in *Evey v. State* (1981), 275 Ind. 674, 419 N.E.2d 971. Petitioner raises three issues in this appeal:

1. the trial court's failure to give a jury instruction *sua sponte* regarding effect of defendant's failure to testify;

2. ineffective assistance of counsel; and,

3. improper waiver of objections to extradition.

The facts relevant to this appeal are as follows. Petitioner, when seventeen years of age, was arrested in Coldwater, Michigan, and charged with a robbery which occurred on January 15, 1980, in Fort Wayne, Allen County, Indiana. While detained in Coldwater, he waived objections to extradition and was returned to Allen County. Petitioner, by counsel, waived arraignment and pled not guilty. Petitioner did not testify at trial and defense counsel did not call any witnesses on his behalf. Defense counsel did not request, nor did the trial court give, a jury instruction requiring the jury not to draw a negative inference from a defendant's failure to testify.

On this appeal from the denial of post-conviction relief, the State asserts that petitioner has waived a post-conviction remedy because it is predicated on arguments available but not raised in his original appeal. *See, e.g., Bailey v. State* (1985), Ind., 472 N.E.2d 1260. Despite the apparent applicability of that general rule in this case, the State is precluded from now asserting the waiver defense for the first time in this appeal. When the State chooses to meet a petitioner's allegations on their merits at the post-conviction hearing, as in this case, the reviewing court must do likewise on appeal. *Brown v. State* (1974), 261 Ind. 619, 308 N.E.2d 699; *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538.

### ISSUE I

Petitioner contends that the trial court erred by failing to give a jury instruction, *sua sponte*, pursuant to Ind.Code § 35–1–31–3 [Acts 1905, ch. 169, § 235, p. 584 (Repealed 1981)]. This code section provided, in relevant part, as follows:

But if the defendant does not testify, his failure to do so shall not be commented

upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; *and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section.* (Emphasis added)

Petitioner argues that the emphasized language of the statute required the trial court to instruct the jury that it may not draw a negative inference from an accused's failure to testify. Petitioner contends that this requirement existed despite his failure to request the instruction.

In Indiana, the choice of whether or not the trial court instructs the jury on a defendant's failure to testify belongs to the defendant. *Parker v. State* (1981), Ind., 425 N.E.2d 628. Despite the seemingly mandatory language of Ind.Code § 35–1–31–3, this Court has consistently held that a defendant must request the instruction to preserve error on this specific issue. *Parker v. State, supra; Hunt v. State* (1973), 260 Ind. 375, 296 N.E.2d 116. We decline to reinterpret this former statute.

### ISSUE II

Petitioner claims the post-conviction court erred upon finding he was not denied effective assistance of counsel and argues that the following acts rendered his attorney's assistance ineffective at trial:

1. Counsel failed to request a jury instruction regarding petitioner's failure to testify;

2. Counsel failed to investigate defenses and call witnesses who petitioner believed were important to his defense; and,

3. Counsel refused to let petitioner testify on his own behalf and threatened to "walk out" if petitioner did testify.

■ Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) deficient performance by counsel, and (b) resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Wash-*

*ington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Strickland, supra; Burr v. State* (1986), Ind., 492 N.E.2d 306; *Price v. State* (1985), Ind., 482 N.E.2d 719; *Jackson v. State* (1985), Ind., 483 N.E.2d 1374; *Seaton v. State* (1985), Ind., 478 N.E.2d 51.

■ Although defense counsel did not request a final instruction regarding the petitioner's failure to testify, we note that defense counsel may have considered that the giving of a "no adverse inference" instruction might have drawn undue emphasis on the fact that petitioner did not testify. In any event, this Court will not speculate on what may have been the most advantageous strategy in a particular case. *Young v. State* (1985), Ind., 482 N.E.2d 246. The decision of whether to request the additional instruction was strictly a matter involving counsel's professional judgment in formulating trial strategy. His decision in this case cannot be viewed as constituting ineffective assistance.

■ In support of petitioner's second premise for showing ineffective assistance of counsel, petitioner boldly alleges that trial counsel "could have presented evidence which raised a 'reasonable probability ... that the fact-finder would have had reasonable doubt respecting guilt.' *Strickland v. Washington, supra,* 104 S.Ct. at 2069." We recognize that if defense coun-

sel fails to produce any evidence at all from available sources in support of a defense, representation may be deemed inadequate or ineffective. Petitioner, however, has failed to present sufficient evidence from which the post-conviction court could infer that defense counsel made an inadequate investigation of possible defenses or that the circumstances disclosed to counsel warranted investigation. Moreover, at the post-conviction hearing, petitioner failed to disclose the identity of a single witness whose knowledge would have benefited him, nor did he disclose what information defense counsel could have elicited had he called those witnesses. For purposes of determining competency of counsel, the choice of defenses and witnesses for trial are matters of trial strategy.

 Petitioner's third premise for his ineffective assistance of counsel claim is similarly without merit. Defense counsel cross-examined all witnesses called by the State and then rested immediately after the conclusion of the State's case-in-chief. Petitioner's allegations that defense counsel *refused* to let him testify, and threatened to "walk out" if petitioner testified, are serious accusations. However, we have no testimony from petitioner's trial counsel as to these alleged discussions and decisions made during petitioner's trial. We have held:

> Finally, in cases such as this where no effort was made to produce either the testimony of the trial counsel or counsel's affidavit, the court at a post-conviction hearing may infer that the counsel would not have corroborated defendant's allegations of incompetency. *Vernor v. State*, (1975) 166 Ind.App. 363, 336 N.E.2d 415, 417.

*Lenoir v. State* (1977), 267 Ind. 212, 214, 368 N.E.2d 1356, 1358. *See also Cochran v. State* (1983), Ind., 445 N.E.2d 974, 976. It was within the discretion of the post-conviction court to conclude that the defendant's testimony was here insufficient to overcome the presumption of his attorney's competency.

## ISSUE III

Defendant was arrested and detained in Coldwater, Michigan, pursuant to an Indiana arrest warrant. He now contends that he was denied meaningful consultation with his parents before submitting to police questioning and voluntarily waiving objections to extradition. Indiana Code § 31–6–7–3 provides in part as follows:

> Sec. 3. (a) Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:
>
> (1) by counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or
>
> (2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:
>
> (A) that person knowingly and voluntarily waives the right;
>
> (B) that person has no interest adverse to the child;
>
> (C) meaningful consultation has occurred between that person and the child; and
>
> (D) the child knowingly and voluntarily joins with the waiver.
>
> (b) The child may waive his right to meaningful consultation under subdivision (a)(2)(C) if he is informed of that right, if his waiver is made in the presence of his custodial parent, guardian, custodian, guardian ad litem, or attorney, and if the waiver is made knowingly and voluntarily.

Petitioner claims that the failure of Michigan authorities to comply with Ind.Code § 31–6–7–3 constituted a deprivation of his Fifth Amendment right to remain silent. We disagree.

 It is petitioner's burden to present us with a record which is adequate to permit our review of the claimed error. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781. Petitioner has failed to present this Court with any documentation of any extradition proceedings which we could examine for an alleged impropriety. Nor were any of the

relevant facts or circumstances surrounding the extradition even mentioned in the record prior to the post-conviction hearing. We consider the issue waived.

■ Notwithstanding the waiver, petitioner's argument must also fail on the merits. We fail to see any prejudice whatsoever as a result of the alleged violation. None of petitioner's statements to Michigan authorities were even sought to be introduced at petitioner's trial. Petitioner was seventeen years old at the time of his arrest and thereby considered an adult under Michigan law. *See,* Mich.Comp.Law §§ 764.27, 712A.2. Petitioner has not alleged that Michigan authorities failed to comply with Michigan extradition procedures, and cites no authority for the proposition that Ind.Code § 31–6–7–3 is binding on our sister states' extradition proceedings.

Extradition proceedings are not a critical stage of criminal prosecution. *Cobb v. Gilman* (1979), 271 Ind. 223, 391 N.E.2d 618 (quoting *Reeves v. Cox* (1978), 118 N.H. 271, 385 A.2d 847). Guilt or innocence is not an issue in the asylum state. Rather, the issues in an extradition proceeding are limited to fugitivity, identity, and the authenticity of the paperwork. *Cobb v. Gilman, supra.* In *Cobb v. Gilman,* this Court held that in an extradition proceeding, the exclusionary rule did not operate to suppress a statement made by a petitioner before he was advised of his *Miranda* rights. We quoted with approval from *United States ex rel. Vitiello v. Flood* (2d Cir.1967), 374 F.2d 554, 557: "Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial." This rule is equally applicable in the case at bar because of the concerns articulated in *Martin v. State* (1978), 176 Ind. App. 503, 507, 376 N.E.2d 498, 500:

> The purpose of the Uniform Extradition Act is to provide an orderly means whereby states can assist each other, or in certain instances be compelled to assist each other, in bringing to justice criminals who have violated the laws of a

state or states other than that in which the criminal is being held. The purpose of the Extradition Act is not to help criminals escape justice because certain technical procedures have not been followed.

We are aware that Ind.Code § 31–6–7–3 is designed "to afford the juvenile defendant a stabilizing and relaxed atmosphere in which to make a serious decision that could possibly affect the rest of his life." *Andrews v. State* (1982), Ind., 441 N.E.2d 194, 198. However, we find that petitioner's decision to waive objections to extradition was not of the gravity which Ind.Code § 31–6–7–3 was intended to protect. We find no error on this issue.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.