**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 19 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

**TYRONE FRAZIER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRONE FRAZIER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1202-PC-113 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-8908-PC-96817

**February 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-petitioner, Tyrone Frazier, is appealing from the denial of his petition for post-conviction relief, claiming that his trial counsel was ineffective for several reasons. Specifically, Frazier claims that his trial counsel should have challenged his competency at the time of his guilty plea, that counsel made no effort to locate the victim of the offense, and that counsel should have filed a notice of alibi.

Frazier also maintains that his trial counsel was deficient for not challenging the trial court's authority to accept the plea agreement and that he did not enter into his plea knowingly and voluntarily.

Frazier does not prevail on his ineffective assistance of trial counsel claims. Moreover, Frazier has waived his contention regarding the trial court's authority to accept his plea agreement. Finally, we agree with the post-conviction court's determination that Frazier knowingly and voluntarily pleaded guilty. As a result, we affirm the judgment of the post-conviction court.

## FACTS

The factual basis, as admitted by Frazier at his guilty plea hearing on February 12, 1991, establishes that officers from the Indianapolis Police Department responded to a stabbing that was reported at a residence on Washington Street at approximately 4:30 a.m. on August 27, 1989. The officers spoke to Urban Starks who stated that he and Sonja Gillespie were at the residence when Frazier knocked on the door. Starks went to speak to Frazier initially. As Gillespie exited the room, she and Frazier began to argue. Frazier then stabbed Gillespie with a "butcher type knife." Appellant's App. p. 326.

2

Gillespie suffered from stab wounds on her face and legs. Starks ran for help and when he returned he saw Frazier driving away.

At the guilty plea hearing, Frazier stated, "That's basically what happened, yes." Id. at 327. The trial court asked Frazier, "And you did stab her with a knife resulted [sic] in cuts?" to which Frazier responded, "Yes." Id.

The State charged Frazier with Count I, class A felony attempted murder, and Count II, class B felony criminal confinement. Frazier initially retained private counsel, but on November 26, 1990, the trial court found Frazier to be indigent and appointed public defender, Peter Nugent, to represent him.

On December 11, 1990, the parties advised the trial court that they had reached a plea agreement. On February 12, 1991, the State added Count III, class C felony battery, to which Frazier pleaded guilty. In exchange for a guilty plea to that offense, the State dismissed Counts I and II. The State provided a factual basis for the battery charge and Frazier admitted to the facts, including stabbing the victim. The trial court accepted the agreement and sentenced Frazier according to a set term of eight years with two years executed and six years suspended.

Frazier filed a petition for post-conviction relief in 2003 and a final amended petition in August 2010, claiming ineffective assistance of trial counsel. Frazier also claimed that he did not knowingly or voluntarily enter into the guilty plea.

An evidentiary hearing was conducted on September 14, 2010, at which Nugent testified that he had little recall about Frazier's case because the case was nearly twenty

3

years old.  On January 13, 2012, the post-conviction court issued its findings of fact and conclusions of law denying Frazier's request for relief.  Frazier now appeals.

## DISCUSSION AND DECISION

### I.  Standard of Review—Post-Conviction Relief, Generally

A petitioner who has been denied post-conviction relief faces a rigorous standard of review on appeal.  Dewitt v. State, 755 N.E.2d 167, 170 (Ind. 2001).  The post-conviction court's denial of relief will be affirmed unless the petitioner shows that the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court."  McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002).  A post-conviction petitioner has the burden of establishing grounds for relief by a preponderance of the evidence.  Ind. Post-Conviction Rule 1(5); Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000).  A petitioner who has been denied post-conviction relief is therefore in the position of appealing from a negative judgment.  Ben-Yisrayl, 738 N.E.2d at 258.  Accordingly, we will not disturb the denial of relief unless "the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion."  McCary, 761 N.E.2d at 392.  We consider only the probative evidence and all reasonable inferences therefrom that support the post-conviction court's determination and will not reweigh the evidence.  Bigler v. State, 732 N.E.2d 191, 194 (Ind. Ct. App. 2000).  The post-conviction court's findings of fact are accepted unless they are "clearly erroneous."  Davidson v. State, 763 N.E.2d 441, 443-44 (Ind. 2001).

4

## II.  Frazier's Claims

### A.  Ineffective Assistance of Trial Counsel

### 1.  Standard of Review

When reviewing claims of ineffective assistance of counsel, we begin with a strong presumption that the petitioner's counsel rendered adequate legal assistance. Stevens v. State, 770 N.E.2d 739, 746 (Ind. 2002).  To rebut this strong presumption, a petitioner must show both that: 1) counsel's performance fell below an objective standard of reasonableness based on the prevailing professional norms; and 2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).  A reasonable probability is one "sufficient to undermine confidence in the outcome."  Id.

We afford deference to counsel's choice of strategy and tactics.  McCary, 761 N.E.2d at 392.  Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id.  Also, an inability to satisfy either prong of this test is fatal to an ineffective assistance claim.  Vermillion v. State, 719 N.E.2d 1201, 1208 (Ind. 1999).

In this case, Frazier's conviction stems not from a trial, but a guilty plea. Therefore, a petitioner who alleges ineffective assistance of counsel in overlooking a defense leading to a guilty plea must show a reasonable probability that, had the defense

5

been raised, the petitioner would not have pleaded guilty and would have prevailed at trial. Helton v. State, 907 N.E.2d 1020, 1023-24 (Ind. 2009).

### 2. No Challenge to Frazier's Competency Prior to Guilty Plea

Frazier argues that his trial counsel was ineffective because his competency to enter into the plea agreement should have been challenged. First, we note that a defendant is not competent to stand trial when he is unable to understand the proceedings and assist in the preparation of his defense. Ind. Code § 35-36-3-1. The right to a competency hearing, however, is not absolute. Campbell v. State, 732 N.E.2d 197, 202 (Ind. Ct. App. 2000). A hearing is required only when a trial judge is confronted with evidence creating a reasonable or bona fide doubt as to a defendant's competency, which is defined as whether a defendant currently possesses the ability to consult rationally with counsel and factually comprehend the proceedings against him. Id.

In this case, there is no such evidence. More specifically, defense counsel Nugent acknowledged in his testimony that Frazier was receiving social security benefits because of some disability. Tr. p. 20. Nugent also testified that when he spoke with Frazier, he knew that there were some "comprehension issues." Id. at 20, 34. However, Nugent did not detect that Frazier was incompetent. Id. at 111. Moreover, Nugent testified that had he noticed such an indication, he would have requested a competency evaluation for Frazier. In short, Nugent maintained his belief that Frazier was, and is, competent. Id. at 112.

6

We note that the only evidence of Frazier's alleged incompetence arose from his contention that he could not read or write. However, the record suggests that Frazier was reading and reviewing documents at some point during the proceedings. Tr. p. 35. Moreover, Frazier did not call his original counsel to testify at the post-conviction hearing. Thus, the post-conviction court was well within its province to believe that Frazier's defense counsel would not have supported his contention that he was incompetent when he pleaded guilty. See Whitlock v. State, 456 N.E.2d 717, 718 (Ind. 1983) (stating that a trial court is justified in inferring that a defense counsel who is not called to testify would not have corroborated the acts and omissions that led to the alleged inadequate representation).

Also, Frazier's interaction with the trial court at the time of the guilty plea hearing reveals an individual who was far from incompetent. Frazier conversed with the trial judge on various issues and made some clarifications. Appellant's App. p. 329, 332. Frazier also asked the trial court if he might be eligible to receive "status one, non-reporting probation." Id. at 335. He also asked for no more than a year of probation and assisted Nugent in clarifying some factual issues. Id. at 328, 329, 332.

In light of these circumstances, it is apparent that Frazier has failed to prove that he was incompetent and he has failed to prove any resulting prejudice. Thus, we affirm the post-conviction court's ruling with regard to this issue.

### 3. Alleged Failure to Investigate

### i. Location of the Victim

Frazier further claims that his trial counsel was ineffective for failing to adequately investigate the circumstances surrounding the case before he pleaded guilty. Specifically, Frazier argues that his trial counsel failed to use diligence in an attempt to locate Gillespie, the victim in this case.

As discussed above, Nugent had little memory of this case twenty years later. Tr. p. 8, 43. On the other hand, the record suggests that both the State and the defense knew where Gillespie could be located when Frazier pleaded guilty. Gillespie was not a random victim or stranger to Frazier. In fact, she was pregnant with Frazier's child at the time. Id. at 130. Additionally, Gillespie's affidavit reveals that she was not in hiding. Rather, she had returned to her Wisconsin home. Appellant's App. p. 412.

The totality of the evidence supports the conclusion that Gillespie was not missing and could be located and brought to attend a trial if necessary. However, as noted above, Frazier chose to plead guilty, which negated any need to bring Gillespie to Indiana from her home in Wisconsin. As a result, the evidence supports the post-conviction court's conclusion that Frazier failed to prove a deficiency in Nugent's representation in light of the allegation that he failed to locate an allegedly missing witness.

Moreover, Frazier did not contend or demonstrate that the State was unable to locate Urban Starks. According to the factual basis that Frazier admitted as true, Starks was the individual who witnessed the stabbing and called the police to the scene. It is

8

apparent that Starks's testimony, alone, would have been sufficient to prove the charges against Frazier. However, Frazier focused his claims solely on Gillespie's availability. As the post-conviction court determined, there is no evidence in the record that Starks was unavailable or that the State had any difficulty in locating him. Appellant's App. p. 772. For these reasons, the record supports the post-conviction court's denial of relief with regard to this claim.

### ii. Compliance with Indiana Code § 35-35-3-2

Frazier also argues that counsel was ineffective in his preparation of this case for failing to challenge the trial court's authority to accept his guilty plea because the State allegedly failed to comply with Indiana Code section 35-35-3-2. This statute requires the State to notify the victim of a crime that a plea agreement exists.

We note that Frazier has failed to preserve this claim because he did not advance this contention in his petition for post-conviction relief. Post-Conviction Rule 1, section 8 requires all issues to be raised in the post-conviction petition. Ind. Post-Conviction Rule 1, § 8. Because Frazier did not include this claim in his petition for post-conviction relief, he cannot raise it for the first time on appeal. Lane v. State, 521 N.E.2d 947, 949 (Ind. 1988).

Additionally, we do not believe that Indiana Code section 35-35-3-2 is designed to benefit a criminal defendant. The statute acknowledges the rights that victims have in criminal proceedings to be informed of what is occurring in their cases. In short, that statute should not be read to inure to the accused's advantage.

9

### iii. Alibi Defense

Frazier also contends that his trial counsel was ineffective for failing to file a notice of alibi. However, the record does not support the conclusion that a viable alibi existed when Frazier pleaded guilty.

Nugent testified that he would have talked with Frazier about the charges against him and the possible defenses that could be raised. Tr. p. 109. Nugent also testified that he would have filed a notice of alibi if he was aware of one. Id. at 79. However, Nugent could not recall any discussion about the possibility of raising an alibi defense. Id. at 66.

We also note that Frazier's alleged alibi defense was disproved by his own evidence and testimony. Indeed, the record shows that while Frazier may have been arrested in Colorado, the evidence established that he went there after committing the instant offense. An exhibit that Frazier submitted is a transcript of a hearing on November 29, 1989, at which Frazier testified he had contacted his original defense counsel prior to leaving town and before the charges were filed. Frazier told counsel that if charges were filed, he would return from Colorado and surrender. Appellant's App. p. 90.

Charges in this case were filed on August 28, 1989, one day after the crime. Id. at 76. Frazier's testimony, therefore, negates any alibi defense because it shows that he was in Indiana—not Colorado—when the crime was committed. Thus, there is no evidence of deficient performance or prejudice. As a result, we decline to set aside the post-conviction court's ruling on this issue.

10

## iv. Gillespie's Alleged Motive to Fabricate

Frazier next contends that his trial counsel was ineffective for failing to produce evidence of Gillespie's motive to fabricate the allegations against him. However, Frazier did not question Nugent regarding this issue. Additionally, Frazier did not call the attorney that he had originally retained to testify. In short, the record is devoid of any suggestion as to why Gillespie might have fabricated the charges against Frazier. As a result, Frazier has not satisfied his burden of establishing deficient performance or resulting prejudice with regard to this issue. Thus, his claim fails.

## D. Knowing and Voluntary Guilty Plea

Frazier next claims that the post-conviction court should have determined that he did not enter his guilty plea knowingly and voluntarily. More particularly, Frazier contends that he pleaded guilty because he believed that his remaining incarceration would be spent in jail and that he would have no parole. Appellant's Br. p. 42.

We note that it is Frazier's burden to establish that he was coerced or misled into pleading guilty. Cornelious v. State, 846 N.E.2d 354, 357 (Ind. Ct. App. 2006). However, Frazier proves nothing of the sort beyond his own self-serving contentions. The plea agreement itself provides no such terms. Appellant's App. p. 231. The trial court advised Frazier of the consequences if he committed new crimes while on probation. Frazier acknowledged that he understood those terms. Id. at 323. Frazier does not point to anything in the record that would support his contention as to where he would serve his time. The portion of the record that he directs us to is simply a general

colloquy for guilty pleas regarding mandatory consecutive and non-suspendable sentences, the court being bound by an agreement it accepts, the factual basis, and counsel's argument that Frazier "wished" that he could serve his period of incarceration in Colorado. Id. at 325, 326, 331. In short, nothing reveals an expectation by Frazier— only his desire. Thus, Frazier failed to establish that he did not knowingly or voluntarily enter into the plea agreement, and he has not demonstrated that the post-conviction court's ruling on this issue is clearly erroneous. As a result, we conclude that the post-conviction court properly denied Frazier's request for relief.

The judgment of the post-conviction court is affirmed.

RILEY, J., and BARNES, J., concur.