Robert L. DICKSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S02–8706–PC–541.

Supreme Court of Indiana.

Feb. 1, 1989.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal following denial of a petition for post-conviction relief. There are four issues presented for review: (1) whether appellant was denied his Fifth Amendment right against self-incrimination when he was examined by court appointed physicians without being advised of his right to remain silent; (2) whether appellant voluntarily, intelligently and knowingly waived his right to trial by jury; (3) whether appellant, at trial and on his direct appeal, was denied the effective assistance of counsel; and (4) whether appellant's post-conviction claims were waived for failure to raise them on direct appeal.

These are the facts pertinent to this opinion: On May 10, 1974, appellant was charged with one count of Commission of a Felony While Armed; to wit: Robbery and one count of Physical Injury While in Commission of a Robbery. His court-appointed counsel filed a Suggestion of Insanity with the court on June 19, 1974. On June 24, 1974 the court appointed two physicians to examine appellant as to his ability to stand trial and to his sanity at the time of the offense. A third physician was later appointed to also examine appellant. Each physician filed a written report and testified at trial. The case was tried to the court following the filing of a written waiver of a jury trial which was signed by appellant.

I.

Appellant asserts he was denied his Fifth Amendment right against self-incrimination. He testified at the post-conviction hearing that he was not advised that he had the right to remain silent at the time he spoke with the three physicians.

Appellant filed a Suggestion of Insanity with the court which resulted in the appointment of two physicians to examine appellant to determine his competence to stand trial. Information gathered by the physicians in order to evaluate his competence would not be admissible against him as substantive evidence at trial unless he was advised of his right to remain silent prior to the interview and voluntarily and knowingly waived that right. Appellant subsequently filed a notice of intent to offer an insanity defense and the two physicians who had previously examined appellant, plus one other physician, were appointed to examine appellant pursuant to

statute. These three physicians then testified at trial and gave their view of appellant's sanity at the time of commission of the crime. None of the three found appellant met the legal definition of insanity.

Appellant cites *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), in support of his argument that failure to advise him of his right to remain silent prior to the psychiatric evaluations resulted in a violation of his Fifth Amendment rights. The simple distinction between this case and *Estelle* is that the court ordered the psychiatric examination in *Estelle* and here appellant offered the defense of insanity.

As this Court held in *Corder v. State* (1984), Ind., 467 N.E.2d 409:

We also find no violation of the Fifth Amendment. The Fifth Amendment, as well as well as Art. 1, § 14 of the Indiana Constitution, provides that persons shall be free from being *compelled* to make disclosures that might subject them to criminal prosecution or that might aid in convicting them. Defendant here was not compelled to testify in any way. Defendant originally filed a plea of insanity. Once he did so, defendant "accepted the fact that he would be then subject to psychiatric examination and evaluation for the purpose of generating evidence admissible in the on-coming trial and useful to the prosecution in defeating his position." *Mahaffey v. State* (1984), Ind., 459 N.E.2d 380, 382. As in *Mahaffey*, defendant here apparently participated fully and freely in the examination. We find no error.

*Corder* at 415.

The psychiatric examinations and evaluations were initiated by appellant and considered as evidence at trial due to appellant's presentation of insanity as a defense to the charged crime. The principles established by *Estelle* do not encompass such a case. The necessity of advising appellant concerning his right to remain silent did not arise since the examinations were initiated and approved by him.

## II.

Appellant contends that he was denied his right to a trial by jury under the Sixth and the Fourteenth Amendments of the United States Constitution. At the post-conviction hearing he testified that his trial attorney informed him that if convicted, he would receive a lesser sentence if the case were tried before the court rather than before a jury and that he relied on this erroneous information as the basis for his decision to waive a trial by jury.

A written waiver of a trial by jury was filed with the court. The waiver was signed by appellant and he acknowledges that he intended to waive trial by jury, but urges that he was misled in making this decision.

The evidence before the post-conviction court on this issue consisted of appellant's testimony concerning the reason he executed the waiver and the written waiver of the jury trial signed by appellant. The evidence before the post-conviction court clearly was conflicting and, as appellant did not present his former attorney to confirm his version of events, the balance of the conflicting evidence does not tip in his favor.

## III.

A single attorney represented appellant at trial and on appeal. Appellant now asserts that this attorney was ineffective in his representation at both levels.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

*Shepard v. State* (1986), Ind., 500 N.E.2d 1172, 1174.

Appellant alleges his attorney at trial misled him into waiving a jury trial, failed to discuss possible defenses, failed to sufficiently pursue a defense of insanity based upon his drug abuse, and did not actively pursue contradictory statements concerning a pretrial line-up identification. Concerning the allegations that counsel misled appellant and failed to discuss possible defenses, appellant at the post-conviction hearing failed to procure the testimony of trial counsel. Where trial counsel is not presented in support, the post-conviction court may infer that trial counsel would not have corroborated appellant's allegations. *McChristion v. State* (1987), Ind., 511 N.E.2d 297, 301; *Van Evey v. State* (1986), Ind., 499 N.E.2d 245, 248; *Owens v. State* (1984), Ind., 464 N.E.2d 1277, 1279.

The questions of adequate advisement and discussion were therefore credibility issues to be determined by the post-conviction court and as such will not be disturbed. As to the allegations that counsel did not pursue actively enough the insanity defense and discrepancies in testimony, the record reflects that counsel questioned all three of the physicians concerning the effects of heavy drug and alcohol abuse in connection with the legal definition of insanity and presented appellant's testimony concerning his recollection of events and consumption of alcohol and controlled substances. On the issue of the unexplored contradictory testimony of witnesses, appellant points to the testimony of an identifying witness that he went down to the police station on Thursday to look through a mirror at a man, but did not identify him as the robber. He points out that, in contrast, an Indianapolis police officer who investigated the case testified that the witness picked appellant out of a line-up on Friday morning. The witness actually testified that he went to the police station to attempt to identify men in person on two different occasions, and that he identified appellant when he was presented, which was on the second trip. The testimony of these two witnesses was not inconsistent and counsel was justified in his decision not to pursue this line of questioning further.

Appellant also states that his trial attorney handled the direct appeal and did not discuss issues to be presented or consequently waived and that none of the issues here presented were raised. This bare allegation is clearly designed to avoid a waiver determination on the issues he now raises, which leads into the last issue raised.

### IV.

Appellant urges that the post-conviction court erred in its determination that due to his failure to prevail on the two allegations of ineffective assistance of counsel, all other issues were waived. Those other issues deemed by the trial court to have been waived include the two considered in sections I and II of this opinion. Those issues have been considered and resolved on the basis of a full presentation to the trial court, and full briefing by both sides in this appeal. As these issues have been resolved on the merits in this appeal, the issue of whether or not the trial court was correct in finding them waived, is now moot.

The judgment is affirmed.

GIVAN, PIVARNIK, and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result without opinion.