Charles **LOCKERT**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 25A03–9304–PC–113.

Court of Appeals of Indiana,
Third District.

Jan. 31, 1994.

Darnail Lyles, King & Meyer, P.C., Gary, for appellant-defendant.

Pamela Carter, Atty. Gen., Mary Dryer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-petitioner Charles Lockert appeals from the denial of his successive petition for post-conviction relief following his conviction for murder, a felony. The facts relevant to this appeal disclose that on August 29, 1974, Lockert was charged with one count of murder in the first degree, felony murder, and accessory after the fact of first-degree murder. Lockert submitted a plea of guilty to the felony murder charge on February 18, 1975, pursuant to a written plea agreement which was filed on February 21, 1975.

At the guilty plea hearing, the court asked Lockert if he was satisfied with his trial counsel's representation. Lockert answered affirmatively. The court also advised Lockert of his constitutional rights and obtained an acknowledgement that Lockert had received and read a copy of the indictment. Lockert told the court that he had not taken any drugs within the last 48 hours, his mind was free and clear, and he had completed high school. Lockert then acknowledged entering into the plea of his own free will; that it was made voluntarily and with full understanding; and that he understood the terms of the agreement. Both the indictment for the felony murder charge, which stated that Lockert participated in the killing of the victim, Connie Jo Fivecoate, during the course of a robbery on July 18, 1974, and the statute under which Lockert was charged, which stated that the penalty was life imprisonment, were read aloud at the hearing. Lockert acknowledged that he understood the charge and the penalty he faced. He again acknowledged that his trial counsel was competent.

The prosecutor and defense counsel both indicated that there was a plea agreement. Defense counsel stated that it was understood that Lockert was an accessory to the felony murder count and not the principal. At Lockert's first post-conviction hearing, Lockert's trial counsel stated that he had explained to Lockert that there was no difference between being an accessory or a principal in the charging affidavit; however, counsel wanted the evidence that eventually would go before the Parole Commission Board to reflect that it was not Lockert who actually shot Connie Jo Fivecoate. At trial, counsel also stated that as understood, the terms of the plea agreement included a sentence recommendation of life imprisonment. Lockert stated that he heard and understood the terms of the agreement. Lockert was again advised that he was waiving his constitutional rights by pleading guilty. At the sentencing hearing, held on February 21, 1975, the written plea agreement was submitted to the court. Lockert acknowledged signing the agreement and was sentenced to life imprisonment.

Lockert filed his first post-conviction petition on April 1, 1977. The petition was denied. On appeal, the Indiana Supreme Court affirmed the denial of Lockert's petition. *See Lockert v. State* (1979), 271 Ind. 226, 391 N.E.2d 613. The supreme court held that: 1) Lockert was adequately advised of his constitutional rights prior to entering his guilty plea; 2) the record showed that the

guilty plea was voluntarily entered; and 3) Lockert failed to show that he was not provided with adequate legal representation by his trial counsel. *Id.* 391 N.E.2d at 613–618.

Lockert sought relief in the federal courts through a *habeas corpus* petition, which was denied; the United States Court of Appeals for the Seventh Circuit upheld the denial of relief. On April 4, 1991, Lockert filed a successive petition for post-conviction relief. Lockert claimed that he was raising new grounds not raised before and that there was newly discovered evidence.

The State filed a response to the successive petition and its amendments, asserting that the issues in the petition were frivolous, and raised the defenses of prior adjudication, abuse of the post-conviction process, laches, and that the ends of justice would not be served by reaching the merits of the issues. After a hearing, the post-conviction court denied relief on October 29, 1992. It is from this order that Lockert now appeals.

Lockert raises five issues for review. However, the following two issues are dispositive of his appeal:

(1) whether the trial court erred in denying Lockert's successive post-conviction petition under Ind. Post–Conviction Rule 1 § 12 (f, g, and h); and

(2) whether Lockert received effective assistance of post-conviction/appellate counsel.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, Lockert must show that the evidence is without conflict and leads only to a conclusion opposite to that of the trial court. *See id.* "The purpose of the post-conviction relief process is to raise issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204, *cert. denied,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. The rules of post-conviction relief require all grounds for relief available to petitioner to be raised in his original petition. *Maxey v. State* (1992), Ind. App., 596 N.E.2d 908, 910. When an issue is available to the defendant on direct appeal but not pursued, it is waived for post-conviction review. An issue which is raised and determined adverse to the petitioner's position is *res judicata. Schiro,* 533 N.E.2d at 1204–05.

In his successive post-conviction petition and in this appeal, Lockert argues: 1) the factual basis is insufficient to support his guilty plea to felony murder; 2) he did not enter into the plea knowingly, intelligently, and voluntarily; and 3) he did not receive effective assistance of counsel.

■ The issue of the sufficiency of the factual basis to support Lockert's guilty plea was raised at Lockert's first post-conviction relief hearing, although the issue was not directly raised upon appeal to the supreme court. Lockert, however, contends that he is raising new grounds not raised before and that there is newly discovered evidence. Lockert asserts that it is the first time he has argued that part of a written statement he gave to police on August 21, 1974, "State's Exhibit No. 2," was not properly admitted into evidence during his guilty plea hearing. Although Lockert is alleging different grounds for his claim of insufficient factual basis, these grounds could have been raised in his first petition. *See Tillman v. State* (1987), Ind., 511 N.E.2d 447, 448; *Morlan v. State* (1991), Ind.App., 574 N.E.2d 944, 945, *trans. denied* (petitioner had previously raised the issue of trial counsel's ineffectiveness, the fact that he was alleging new grounds of ineffectiveness did not alter the fact that the question of effectiveness of counsel was foreclosed). Moreover, there is testimony in the record that State's Exhibit No. 2 was admitted into evidence at Lockert's guilty plea hearing. At the post-conviction hearing, the prosecuting attorney, David Wallsmith, recalled that State's Exhibit No. 2 was admitted, in part, into evidence at the hearing. Wallsmith further testified that he believed the record of the guilty plea hearing was incomplete. However, even if the exhibit had not been admitted, there was

other evidence from which a sufficient factual basis could have been established.

Additionally, Murphy's statement made before the Indiana Parole Board on October 3, 1993, does not amount to newly discovered evidence. Murphy stated that he shot the victim, Mrs. Fivecoate. At the plea hearing, Lockert's trial counsel stated that it was to be understood that Lockert was an accessory to the felony murder and that Murphy did the actual shooting of Mrs. Fivecoate. Murphy's statements to the parole board merely reiterated this point.

■ The issues of knowingly, intelligently, and voluntarily entering into a plea agreement and effective assistance of trial counsel were raised in Lockert's first petition for relief and decided adversely to him on appeal. *See Lockert,* 391 N.E.2d 613. *Res judicata* applies to bar Lockert from relitigating these issues in the present appeal. *Schiro,* 533 N.E.2d at 1204–1205; *Maxey,* 596 N.E.2d at 911.

The State has the burden of pleading prior adjudication and abuse of the post-conviction process. P–C.R. 1 § 12(f). As the post-conviction court correctly noted, the State met this burden by pleading these defenses in its response to Lockert's successive petition for post-conviction relief. The burden is then on the petitioner to show that he has not abused the post-conviction process. P–C.R. 1 § 12(f). Lockert has failed to meet this burden. In pertinent part, Indiana Post–Conviction Rule 1 § 12,[1] as applicable at the time, provided:

"(g) If the court finds that the ground or grounds raised in the successive petition were determined adversely to the petitioner in the prior adjudication and no new or otherwise material facts are at issue, and that the prior adjudication was on the merits, and the court further finds that the ends of justice would not be served by reaching the merits of the issue(s), the court may dismiss the petition.

(h) If the court finds that the successive petition alleges factual or other issue(s) not adjudicated at the hearing on the prior petition and that the petitioner deliberately withheld asserting such ground or otherwise abuses the post-conviction process, and the court further finds the ends of justice would not be served by reaching the merits, the court may dismiss the petition."

P–C.R. 1 § 12(g) and (h). Lockert presents no basis for his contention that P–C.R. 1 § 12(g) and (h) apply only when a successive petition is denied without a hearing. *See* Appellant's Reply Brief at p. 3. Although under P–C.R. 1 § 12 successive petitions for post-conviction relief are subject to dismissal without hearing if they are frivolous or are barred by *res judicata* or waiver, the trial court is not precluded from conducting a hearing if it so chooses. *See* P–C.R. 1 § 12(b), (g) and (h).

In the present case, the grounds raised in Lockert's successive petition for post-conviction relief were determined adversely to the him or could have been raised in his first petition for relief. Additionally, no new or otherwise material facts are at issue. The trial court did not err in denying Lockert's successive post-conviction petition.

■ Lockert further argues that he was denied effective assistance of post-conviction/appellate counsel. Specifically, Lockert contends that post-conviction/appellate counsel, Carr Darden, failed to prepare a defense; meet with him before the first day of the post-conviction hearing; adequately review the guilty plea and sentencing transcripts; conduct a factual or legal investigation; or amend his *pro se* petition for relief.

[9–11] Lockert failed to procure the testimony of Darden during his successive post-conviction hearing. A post-conviction court may infer that petitioner's counsel would not have corroborated the petitioner's allegations of ineffective assistance of counsel. *See Dickson v. State* (1989), Ind., 533 N.E.2d 586, 589. Lockert has the burden of showing deficient performance by counsel and resulting prejudice so serious as to deprive him of

---

1. On November 18, 1993, the Indiana Supreme Court amended P–C.R. 1, striking in its entirety section 12 and substituted new language.

an effective appeal. *See Ingram v. State* (1987), Ind., 508 N.E.2d 805, 808 (citing, *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). A petitioner must overcome, with strong and compelling evidence, the presumption his counsel is competent. *Collier v. State* (1991), Ind.App., 572 N.E.2d 1299, 1301, *trans. denied.* Lockert has failed to show that he was prejudiced.

Lockert further claims that Darden failed to amend the post-conviction petition to allege the insufficiency of the factual basis, the failure of the guilty plea court to comply with the law, and effective assistance of trial counsel. Lockert also claims that Darden failed to raise these issues in his first appeal.

As previously discussed, Lockert has failed to show he was prejudiced by counsel's failure to raise the issue of insufficiency of the factual basis. Attorneys are not incompetent for failing to raise an issue which has no merit. *See Schiro,* 533 N.E.2d at 1207; *Hill v. State* (1984), Ind., 462 N.E.2d 1048, 1049. Lockert also asserts that the guilty plea court failed to comply with the law. Specifically, he contends that the court was required to read all the charges against him at the guilty plea hearing. Lockert cites no authority to support his assertion that the court was required to read all the charges aloud. Moreover, Lockert has failed to show prejudice, as he was not convicted of the charges that were not read. Despite Lockert's contention to the contrary, the issue of effective assistance of trial counsel was raised by post-conviction/appellate counsel. Lockert has failed to show that he received ineffective assistance of post-conviction/appellate counsel. The judgment of the post-conviction court is affirmed.

Affirmed.

GARRARD and BARTEAU, JJ., concur.