**Michael R. WEBB, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 48A02–9406–PC–359.

Court of Appeals of Indiana.

Oct. 6, 1995.

Transfer Denied Nov. 29, 1995.

Susan K. Carpenter, Public Defender, Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Michael Webb appeals the denial of his petition for post-conviction relief.

We affirm.

After a jury trial, Webb was convicted of felony-murder in connection with the death of Margaret Williams. Webb's girlfriend testified at trial that Webb told her he and Arthur Morrison entered the Williams home in order to burglarize it.

"Appellant tied up Mrs. Williams with neckties and looked around for items to steal. Mrs. Williams told Appellant not to hurt her since she was dying from cancer. Appellant then heard a noise and went to investigate it and came upon Mr. Williams sitting in a chair with blood all over him. Appellant then told Morrison that the killing was dumb, since Mrs. Williams could identify him. Morrison said that he would take care of "it" whereupon he ran into the bedroom and killed her. Appellant and Morrison attempted to put the house back in order and left. Appellant later gave these same details to the police." *Webb v. State* (1983), Ind., 453 N.E.2d 180, at 182–183, *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767.

The Supreme Court affirmed the conviction on direct appeal. On February 12, 1990, Webb filed a petition for post-conviction relief, claiming he received ineffective assistance of trial and appellate counsel, the prosecutor engaged in misconduct, the conviction placed him in double jeopardy, the trial court erred in refusing to allow him to introduce evidence of his earlier acquittal, the tendering of certain jury instructions placed him in a situation of grave peril, the familial relationship between the prosecuting attorney and trial counsel denied him a fair trial, the State was collaterally estopped from presenting certain evidence and the conviction was not supported by sufficient evidence. The post-conviction court denied Webb's petition, stating:

"This matter comes before the Court on Webb's verified petition for post[-]conviction relief. Webb advances several theories involving double jeopardy and collateral estoppel, all of which were decided adverse to his interests in the direct appeal to the Indiana Supreme Court. See *Webb v. State* (1983)—Ind. 453 N.E.2d 180.

It is clear to this Court that nothing of substance has changed in either the law or the facts and Webb's claims must surely fail. Webb additionally requests some relief by agreement from the special prosecuting attorney in exchange for his information on unrelated matters. The prosecutor advises that he does not wish to extend any consideration to petitioner Webb. This Court is unwilling to modify petitioner's sentence without the acquiescence and approval of the Special Prosecutor.

In view of the foregoing, all claims for relief are herewith denied." *Record* at 49. Webb appeals the denial of his petition and presents one issue:

Did Webb receive ineffective assistance of trial and appellate counsel?

Webb was acquitted of the murder of Max Williams, Margaret's husband, and was subsequently charged with the felony-murder of Margaret. Before the felony-murder trial, the court granted the State's motion in limine requesting the court to prohibit evidence of Webb's acquittal. Webb contends trial counsel was ineffective for failing to attempt to offer evidence of the acquittal after the State offered evidence of Max's death. Furthermore, Webb contends that appellate counsel provided inadequate representation when he failed to raise the issue of trial counsel's ineffectiveness.

■ Post-conviction relief proceedings are civil in nature. *McBride v. State* (1992), Ind.App., 595 N.E.2d 260, *trans. denied.* The rules of post-conviction relief require a petitioner to establish the grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post-Conviction Rule 1 § 5; *Lockert v. State* (1994), Ind.App., 627 N.E.2d 1350. When reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915. The post-conviction court is the sole judge of the evidence and the credibility of witnesses. *Id.* The post-conviction relief process is not a substitute for direct appeal, but is a process for raising issues not known at the time of the original trial or for some reason unavailable

to the defendant at that time. *Wallace v. State* (1990), Ind., 553 N.E.2d 456, *cert. denied,* 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491. A post-conviction defendant claiming ineffective assistance of counsel has the burden of showing deficient performance by counsel and resulting prejudice so serious as to deprive him of an effective appeal. *Lockert, supra; Ingram v. State* (1987), Ind., 508 N.E.2d 805. A petitioner claiming ineffective assistance of counsel must overcome, with strong and convincing evidence, the presumption that counsel is competent. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370.

■ At the time of Webb's trial, the status of the law was that a defendant's acquittal of a crime other than that charged could not be admitted into evidence, even when evidence of the other crime was properly admitted. *McCartney v. State* (1852), 3 Ind. 353. In 1984, one year after its decision in Webb's case, the Supreme Court adopted a new rule and determined that the fact that a defendant has been acquitted goes to the weight, and not the admissibility, of the evidence. *Hare v. State* (1984), Ind., 467 N.E.2d 7. Counsel's performance is not rendered ineffective when he chooses a strategy based upon accurate research of the law at the time a decision is made. *Allen v. State* (1986), Ind., 498 N.E.2d 1214; *see also Bailey v. State* (1985), Ind., 472 N.E.2d 1260. At the post-conviction relief hearing, Webb's counsel testified:

"I've had lots of thoughts about that over the years and . . . what I would have wanted to have done in front of the jury in closing argument is say my client was found not guilty once, why are we even here? But I don't think that would have been legal. I would have liked to have done it but I don't think it was following the law." *Record* at 124.

Webb's counsel testified that at the time of trial the law did not permit admission of a defendant's prior acquittal into evidence. It is of no moment that the Supreme Court changed the law one year later. Contrary to Webb's assertions, counsel is not required to prophesy future court rulings and act in accordance with them. *McChristion v. State* (1987), Ind., 511 N.E.2d 297. Because trial counsel's failure to proffer evidence of the acquittal did not constitute deficient performance, appellate counsel was not ineffective for failing to raise the issue of trial counsel's representation in that regard.

Judgment affirmed.

KIRSCH and DARDEN, JJ., concur.