Ahmed MAYS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee.

No. 49A02–0212–PC–1049.

Court of Appeals of Indiana.

June 30, 2003.

Ahmed Mays, Carlisle, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Ahmed Mays, seeks review of the denial of his petition for post-conviction relief. Upon appeal, Mays presents three issues for our review, which we restate as: (1) whether Mays received ineffective assistance of counsel; (2) whether

his guilty plea violates double jeopardy principles; and (3) whether the trial court properly advised Mays of his rights at his guilty plea hearing.

We affirm.

On November 30, 1999, Mays pleaded guilty to Unlawful Possession of a Firearm by a Serious Violent Felon, as a Class B felony,[1] and Carrying a Handgun Without a License, as a Class C felony.[2] Mays also pleaded guilty to being a Habitual Offender.[3] A sentencing hearing was held on January 7, 2000, at the conclusion of which the trial court sentenced Mays to the minimum term of six years on the serious violent felon conviction[4] which was enhanced by ten years for the habitual offender finding.[5] The court also sentenced Mays to the maximum term of eight years on the felony carrying conviction[6] and ordered that the sentence run concurrent with the sentence already imposed, for a total aggregate sentence of sixteen years executed.

On January 11, 2001, Mays filed a pro se petition for post-conviction relief and also requested that an attorney be appointed to represent him. A public defender entered an appearance on behalf of Mays on February 14, 2001, but on November 28, 2001, Mays moved to proceed pro se, which motion the trial court granted. On July 29, 2002, Mays filed a memorandum of law in support of his petition for post-conviction relief, and the State filed its belated answer to Mays' petition on September 10, 2002. A hearing on Mays' petition was held on September 17, 2002. On October 24, 2002, the post-conviction court adopted the State's proposed findings of fact and conclusions of law and thereby denied Mays' petition for post-conviction relief.

In order to obtain post-conviction relief, the petitioner must demonstrate by a preponderance of the evidence that he is entitled to relief upon grounds enumerated in the post-conviction rules. Ind. Post Conviction Rule 1 § 5; *Ford v. State,* 755 N.E.2d 1138, 1141 (Ind.Ct.App.2001), *trans. denied.* An appeal from a denial of post-conviction relief is therefore an appeal from a negative judgment, and the petitioner must establish that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *State v. Holmes,* 728 N.E.2d 164, 169 (Ind.2000), *cert. denied* 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001).

■ Here, Mays argues that the post-conviction court erred in concluding that he was not denied the right to effective assistance of trial counsel. To succeed on his claim of ineffective assistance of counsel, Mays was required to present strong and convincing evidence to overcome the presumption that his guilty plea counsel's representation was appropriate. *See Allen v. State,* 743 N.E.2d 1222, 1234 (Ind.Ct.App.2001), *trans. denied.* To do that, Mays was required to establish the two components set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Mays was required to show that his counsel's representation was deficient in that it fell below

---

1. Ind.Code § 35–47–4–5 (Burns Code Ed. Supp.2002).

2. Ind.Code § 35–47–2–1 (Burns Code Ed. Repl.1998); Ind.Code § 35–47–2–23 (Burns Code Ed. Repl.1998).

3. *See* Ind.Code § 35–50–2–8 (Burns Code Ed. Supp.2002).

4. *See* Ind.Code § 35–50–2–5 (Burns Code Ed. Repl.1998).

5. *See* I.C. § 35–50–2–8; I.C. § 35–50–2–5.

6. *See* Ind.Code § 35–50–2–6 (Burns Code Ed. Repl.1998).

an objective standard of reasonableness. *See id.* at 687, 104 S.Ct. 2052. Mays was also required to show that he was prejudiced by such deficiency. *See id.*

As Mays' claim follows his guilty plea, we review the prejudice prong of the *Strickland* analysis under the standard set forth in *Segura v. State,* 749 N.E.2d 496 (Ind.2001). *See Reynolds v. State,* 783 N.E.2d 357, 358 (Ind.Ct.App.2003). The *Segura* Court categorized two types of claims of ineffective assistance of counsel following a guilty plea, one of which involves errors which affect a defense or sentence. *Segura,* 749 N.E.2d at 501. Mays' claim fits within this category in that double jeopardy violations may affect the sentence which could be imposed.[7] To establish that he was prejudiced, Mays was required to show that there was a reasonable probability that counsel's alleged shortcomings in failing to consider the double jeopardy implications of the offenses to which Mays pleaded guilty had an impact on the sentence which was imposed. *See id.* at 504.

The post-conviction court concluded that Mays was not entitled to relief because he presented no evidence in support of his claim that his counsel was ineffective. In his petition for post-conviction relief, Mays argued that he was prejudiced by his counsel's performance, asserting that had he been adequately advised as to the double jeopardy implications, he would not have pleaded guilty, but rather would have requested a trial by jury. At the post-conviction hearing, however, Mays' argument focused upon the double jeopardy implications of his convictions. The extent of

Mays' argument at the post-conviction hearing was as follows:

"Okay. Well first—first postconviction I put in was about the unlawful possession of a firearm by a serious violent felon, and the carrying a handgun without a license. And under the argument that I put in is that there's—there's a double jeopardy principle because both—it's the same case under—under—with the same gun. It's two different cases from this same gun. Then I put in another memorandum of law in support of double jeopardy issue for my postconviction petition, and it was for—about my sentencing—when ... I got sentenced." Transcript at 5–6.

After the State declined cross-examination, Mays rested his case without presenting any evidence. The State presented no evidence, but asked the post-conviction court to take judicial notice of the court file, specifically drawing the court's attention to the written plea agreement.

Even assuming that Mays could have established that he was prejudiced by the fact that he pleaded guilty to offenses which violated double jeopardy principles, Mays has failed to demonstrate how his counsel's representation fell below an objective standard of reasonableness. While Mays claims that his counsel did not advise him of the double jeopardy implications of the offenses to which he was pleading guilty, Mays did not procure testimony or an affidavit from his counsel. Absent evidence in support of Mays' assertion, the post-conviction court could infer that Mays' counsel would not have corroborat-

---

7. In his brief, Mays argues that the double jeopardy violations constituted a defense which was overlooked by his counsel and that such defense would likely have changed the outcome of the proceeding. Double jeopardy, however, is not a defense to a crime in the sense that one cannot be found guilty of mul-

tiple offenses which constitute double jeopardy; rather it is a limitation as to the punishment, i.e. entry of judgment of conviction or sentence, which may be imposed when two or more convictions constitute the same offense for double jeopardy purposes. *See Carter v. State,* 750 N.E.2d 778 (Ind.2001).

ed Mays' allegation that he did not adequately advise him as to possible double jeopardy implications. *Dickson v. State*, 533 N.E.2d 586, 589 (Ind.1989); *Lockert v. State*, 627 N.E.2d 1350, 1353 (Ind.Ct.App. 1994).

 Thus, contrary to Mays' claim that his counsel "allowed" him to plead guilty to three offenses which he considers blatant violations of double jeopardy principles does not in and of itself clearly demonstrate that he was denied his right to effective assistance of trial counsel. Mays did not present any evidence from which the post-conviction court could have evaluated his counsel's performance to determine whether it fell below an objective standard of reasonableness. Although advising a defendant to plead guilty to offenses which violate double jeopardy principles may be seriously questioned, such is not per se ineffective assistance of counsel. Indeed, defendants may achieve an advantageous position where the State agrees to reduce an offense in exchange for a plea of guilty, notwithstanding the fact that the reduced offense, in conjunction with another offense, may constitute double jeopardy. *See Mapp v. State*, 770 N.E.2d 332 (Ind. 2002); *Games v. State*, 743 N.E.2d 1132

(Ind.2001). Mays has not demonstrated that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

 In addition to arguing that his counsel was ineffective, Mays directly challenges his convictions as violative of double jeopardy principles of the United States and Indiana Constitutions.[8] As a general rule, however, a defendant with adequate counsel who pleads guilty to achieve favorable outcomes gives up a plethora of substantive claims and procedural rights, including the right to collaterally challenge convictions upon double jeopardy grounds. *Mapp*, 770 N.E.2d at 334–35; *Games*, 743 N.E.2d at 1135. In *Mapp*, our Supreme Court reaffirmed this rule and further held that there is no exception under Indiana law even for "facially duplicative" charges. 770 N.E.2d at 335. Here, Mays has not demonstrated that he did not have the assistance of adequate counsel or that he did not achieve a favorable outcome as a result of the bargaining process. Thus, by pleading guilty, Mays waived his right to directly challenge his convictions as violative of double jeopardy.[9]

---

**8.** In his brief Mays make two separate double jeopardy arguments. Mays argues that his convictions violate double jeopardy principles in that the same prior felony conviction was used to prove his status as a serious violent felon, to enhance the carrying offense to a Class C felony, and as one of the two prior, unrelated felonies used to support the finding that he was a habitual offender. We first note that the habitual offender finding was used to enhance the serious violent felon offense. Assuming Mays is correct in that the same prior felony conviction established his status as a serious violent felon and as a habitual offender, there would appear to be a double jeopardy violation. *See Conrad v. State*, 747 N.E.2d 575, 595 (Ind.Ct.App.2001), *trans. denied*.

Mays also argues that his convictions for unlawful possession of a firearm by a serious

violent felon and carrying a handgun without a license violate double jeopardy principles in that the same gun was used to prove both offenses. Again, assuming what Mays asserts is true, the convictions may be contrary to double jeopardy principles. *See Richardson v. State*, 717 N.E.2d 32 (Ind.1999); *Alexander v. State*, 768 N.E.2d 971 (Ind.Ct.App.2002), *aff'd upon reh'g* 772 N.E.2d 476 (Ind.Ct.App. 2002), *trans. denied*.

**9.** On numerous occasions our Supreme Court and this court have held double jeopardy violations to constitute fundamental error. *Haggard v. State*, 445 N.E.2d 969 (Ind.1983); *Cuto v. State*, 709 N.E.2d 356 (Ind.Ct.App. 1999); *Garcia v. State*, 686 N.E.2d 883 (Ind. Ct.App.1997); *Odom v. State*, 647 N.E.2d 377 (Ind.Ct.App.1995), *trans. denied*. Be that as it

Mays also claims that his guilty plea should be set aside because the trial court did not advise him prior to pleading guilty that his convictions violated double jeopardy principles and that by pleading guilty he waived his right to challenge the convictions on that basis. In his brief, Mays acknowledges that the trial court advised him of his basic rights and as to some of the consequences of pleading guilty, but asserts that, given the "blatant" double jeopardy violations, "it would've been only fair that [he] was advised of this waiver." Appellant's Brief at 25.

Mays cites no authority, nor are we aware of any which requires a trial court to inform a defendant of possible double jeopardy violations or that by pleading guilty he waives his right to challenge his convictions as violative of double jeopardy. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (holding that before accepting a guilty plea, a trial court must be satisfied that the defendant is aware of certain rights, of which double jeopardy was not included); Ind. Code § 35-35-1-2 (Burns Code Ed. Repl. 1998) (setting forth the required advisements a trial court must give prior to accepting a plea of guilty).[10] As there is no requirement that a trial court advise defendants of possible double jeopardy violations or that by pleading guilty defendants waive their right to collaterally challenge their convictions on those grounds, the post-conviction court did not err in concluding that Mays was entitled to no relief on this ground.

The judgment of the post-conviction court is affirmed.

DARDEN, J., concurs.

BAKER, J., concurs with opinion.

BAKER, J., concurring with opinion.

I completely concur with the majority's analysis and conclusion. I write separately to note that although we are compelled by *Mapp* and *Games* to decline review of the stand-alone double jeopardy claims, Mays has failed to show how he was prejudiced by imposition of the concurrent sentences.

---

may, we are bound by *Mapp, supra,* and are not permitted to address the issue in this case.

10. Other than his claim that the trial court should have advised him of the possible dou-

ble jeopardy implications of the offenses to which he was pleading guilty, Mays does not argue that the court's required advisements prior to accepting his plea were inadequate.