Juan I. OLVERA, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–0807–PC–632.

Court of Appeals of Indiana.

Jan. 14, 2009.

Jason W. Bennett, Bennett Boehning & Clary LLP, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Juan I. Olvera appeals the denial of his petition for post-conviction relief.

We affirm in part, reverse in part and remand with instructions.

### ISSUE

Whether the post-conviction court erred in denying Olvera's petition.

### FACTS

On November 12, 2003, Olvera, a then-thirty-five year-old Mexican national, drove his twelve-year-old niece from Illinois to Indiana without permission from her parents. An Illinois Amber Alert was issued as to the girl. Olvera had sexual intercourse with the girl in a Lafayette motel, and was subsequently apprehended by Lafayette police.

On November 14, 2003, the State charged Olvera with child molesting as a class A felony and incest as a class B felony. At the guilty plea hearing on April 4, 2004, the trial court provided a qualified Spanish language interpreter to provide assistance. Olvera pleaded guilty pursuant to an open plea to class A felony child molesting. The State agreed to dismiss the incest count. The trial court advised Olvera that he had the right to appeal his conviction if he proceeded to trial, but that he would relinquish that right if he pleaded guilty. The trial court did not advise Olvera of his right to appeal his sentence after pleading guilty pursuant to an open plea.

At the sentencing hearing on May 28, 2004, the trial court again provided the assistance of an interpreter. It identified the following aggravating circumstances: (1) that Olvera was in a position of trust with regard to his niece; (2) Olvera's lack of remorse; and (3) the age difference between Olvera and the victim. The trial court found Olvera's lack of criminal history and the fact that he had worked to support his family despite his lack of education to be mitigating circumstances. The trial court found that the aggravating circumstances outweighed the mitigators and imposed a forty-five year executed sentence. Olvera did not file a direct appeal.

On September 25, 2007, Olvera, by counsel, filed a petition for post-conviction relief pursuant to Post–Conviction Rule 1 ("P–C.R.1") wherein he alleged that he (1) "was not fully advised of [the] Immigration Consequences of his Guilty Plea"; (2) received ineffective assistance of counsel "as

he failed to understand the terms of [his] Plea Agreement and was not Advised Thereof"; and (3) was never advised of his right to consult with the Mexican consulate. (Olvera's App. 45, 70). Olvera's petition for postconviction relief initially contained no challenge to his sentence. On October 16, 2007, the State filed a response to Olvera's petition and denied all of Olvera's allegations.

On January 25, 2008, the post-conviction court conducted a hearing on the P–C.R. 1 petition for post-conviction relief. Olvera moved to orally amend his petition to include the following claims: (1) an additional basis upon which his trial counsel was allegedly ineffective; and (2) that his sentence was "improperly enhanced above the thirty (30) year presumptive." (Tr. 30). The State raised no objection. The post-conviction court granted Olvera's motion. It then heard evidence and argument, and took the matter under advisement. On March 28, 2008, the post-conviction court issued its findings of fact, conclusions of law and judgment, wherein it denied Olvera's petition for post-conviction relief. Its conclusions of law stated, in relevant part, the following:

### CONCLUSIONS OF LAW

\* \* \*

1. The defendant admitted he is in the United Stated illegally. As such, the defendant is subject to being deported at any time for any reason, regardless of criminal convictions. Further, the Court read out loud the entire body of the written plea agreement including this paragraph: The defendant acknowledges this conviction may cause the U.S. Immigration and Naturalization Service to deport him from the United States, after serving his sentence. The Court confirmed the defendant understood the plea agreement, understood his deportation risk and all rights as advised by the Court and interpreted into Spanish by the interpreter.

2. To prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proving by a preponderance of the evidence that his counsel's performance fell below objective standards of reasonableness *and* but for counsel's deficient performance, the result of the proceedings would have been different. Counsel is presumed to be competent and the defendant must rebut this presumption by strong and convincing evidence in order to overcome the presumption that counsel is competent. The defendant has not rebutted this presumption. *Wrinkles v. State,* 749 N.E.2d 1179 (Ind.2001), citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Johnson v. State,* 674 N.E.2d 180 (Ind.App.1996), *Webb v. State,* 655 N.E.2d 1259 (Ind.App. 1995), *Fugate v. State,* 608 N.E.2d 1370 (Ind.1993), *Rivera v. State,* 179 Ind.App. 295, 385 N.E.2d 455 (1979).

3. The defendant's only evidence to support his complaint of ineffective assistance of counsel was his own testimony. The defendant testified his trial counsel did not discuss any trial defenses with him and did not tell him of his right to appeal his sentence. When asked the conclusory statement, "Do you have an opinion why your public defender committed ineffective assistance of counsel and why he did not properly represent you," the defendant's only answer was "I don't know,

maybe because I did not pay him as a private attorney."

4. When trial counsel is not called as a witness to testify at a hearing for post-conviction relief to support the defendant's arguments, the post conviction Court may infer that trial counsel would not have corroborated the defendant's allegations. As the defendant here failed to present any evidence from his trial counsel either in the form of personal testimony or a sworn affidavit, the Court infers that Mr. O'Brien would not support the defendant's claims. *Mays v. State,* 790 N.E.2d 1019 (Ind.Ct.App.2003), *Bahm v. State,* 789 N.E.2d 50 (Ind. Ct.App.2003), *Lockert v. State,* 627 N.E.2d 1350 (Ind.Ct.App.1994), *Gann v. State,* 570 N.E.2d 976 (Ind. Ct.App.1991), *Lenoir v. State,* 267 Ind. 212, 368 N.E.2d 1356 (1977), *McDonald v. State,* 162 Ind.App. 349, 319 N.E.2d 655 (1974).

5. Where a defendant testifies at the guilty plea hearing that he understands the charges and consequences of the plea and that he is satisfied with his attorney's representations, the trial court is entitled to accept such evidence over the defendant's later testimony at the post conviction relief hearing wherein the defendant now claims ineffective assistance of counsel. *Cushman v. State,* 269 Ind. 68, 378 N.E.2d 643 (1978).

6. Advising a defendant of his rights and what rights will be waived by a plea of guilty, including the right to appeal his sentence, is the responsibility of the court. The failure of counsel to so advise the defendant does not constitute ineffective assistance of counsel.

7. To prevail on a claim of error for failure to be advised of his right under the Vienna Convention on Consular Relations to request assistance from the consular post, the defendant is required to establish actual prejudice. He must show (1) he did not know of his right to contact the consulate for assistance, (2) he would have availed himself of the right had he known *and* (3) there was a likelihood that the consulate would have assisted him. *Segura v. State,* 749 N.E.2d 496 (Ind.2001), *Zavala v. State,* 739 N.E.2d 135 (Ind.Ct.App., 2000), transfer denied, 753 N.E.2d 2 (Ind. 2001). For example, in *Zavala,* the defendant presented an affidavit from the Mexican consulate stating his role in providing support services to Mexican nationals who become involved in the legal system in the United States. Still, the Court in *Zavala* stated this was insufficient to establish what Zavala would have done differently had he been provided immediate notice of his right to speak with the Consulate.

8. The defendant failed to present any evidence on what he would have done differently had he actually contacted the Mexican consulate and what assistance the Mexican consulate would have provided had the defendant been advised of his right to consult with the consulate. Further, the defendant admitted at the post-conviction relief hearing he did not know the name of the Mexican consulate, he has not lately spoken to the Mexican consulate, he did not subpoena the consulate for this hearing, did not present an affidavit from the consulate stating what services the consulate could

have provided to the defendant and did not know what the consulate could have done for him had he been advised of his right to contact the consulate. Therefore, the defendant failed to prove actual prejudice as required.

9. The defendant's complaint that his sentence was improperly enhanced above the presumptive sentence without the defendant having any criminal convictions is without merit. A petition for Post Conviction Relief is not the proper venue to challenge the merits of a sentence. The proper procedure for a defendant who has pled guilty in an open plea and who wants to challenge his sentence is to file a direct appeal under Rule 7 of the Indiana Rules of Appellate Procedure or if the or if the [sic] time for filing a direct appeal has run, to file an appeal under PCR 2. *Collins v. State,* 817 N.E.2d 230 (Ind.2004).

10. The court finds that [trial counsel]'s representation of the defendant-petitioner at his guilty plea and sentencing was effective. For the reasons stated in the *Findings of Fact,* there is no credible evidence that [trial counsel]'s representation at guilty plea and sentencing was below an objective standard of reasonableness.

11. The law on the merits of the petition is with the State and against the petitioner.

(Olvera's App. 66–67). Olvera now appeals.

## DECISION

Olvera challenges the denial of his petition for post-conviction relief.

The purpose of a post-conviction proceeding is to give a petitioner the limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Such proceedings are not super appeals through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.

A post-conviction petitioner bears the burden of establishing his claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When reviewing the denial of a petition for post-conviction relief, we will neither reweigh the evidence nor judge the credibility of the witness. Thus, to prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion.

*Donnegan v. State,* 889 N.E.2d 886, 891 (Ind.Ct.App.2008) (internal citations and quotations omitted).

Olvera contends that the trial court abused its discretion by failing to grant him relief under Post-conviction Rule 2(1); and for "purporting to resolve [his] substantive sentencing challenges on the merits ... because it lacked jurisdiction to do so." Olvera's Br. at 12.

1. *Post-conviction Rule 2(1)*

Olvera contends that the trial court abused its discretion by failing to grant him relief under Post-conviction Rule 2 ("P–C.R.2"). He argues that he is entitled

to relief thereunder because the record "unerringly shows" that he satisfied the requirements under P–C.R. 2. Olvera's Br. at 9. The State counters that Olvera filed a P–C.R. 1 petition for post-conviction relief and therefore sought relief under that rule alone. The State urges us to "deny [Olvera's] request to *sua sponte* grant him permission to file a belated notice of appeal from this unrelated proceeding," because doing so "would allow [Olvera] to circumvent the requirements of [P–C.R. 2(1)] and bypass the trial court's finding." State's Br. at 6. We agree with the State's position and decline Olvera's invitation.

In his P–C.R. 1 petition for post-conviction relief, Olvera identified the grounds known to him for "vacating, setting aside or correcting [his] conviction and sentence." (Olvera's App. 45). He never requested permission to file a belated notice of appeal pursuant to P–C.R. 2(1). Inasmuch as he asks us to grant him P–C.R. 2(1) relief without his ever invoking the rule, we must decline. The State acknowledges in its brief that Olvera has the right to petition for permission to file a belated notice of appeal under P–C.R. 2. We agree and express no judgment as to whether Olvera meets the requirements thereunder.

2. *Jurisdiction*

■ Olvera argues further that the post-conviction court addressed his sentence challenge on its merits and in so doing abused its discretion. Specifically, he argues that the post-conviction court was "jurisdictionally incapable" of resolving his claim on the merits. Olvera's Br. at 11. We agree in part and disagree in part.

Our supreme court has held that where an individual, who pleaded guilty in an open plea, has attempted to challenge his sentence through means other than a direct appeal or, after the time for filing a direct appeal has run, under P–C.R. 2, the appropriate course of action is for the post-conviction court to dismiss the petition for post-conviction relief for lack of jurisdiction without any prejudice to any right that the individual may have to file a belated notice of appeal in accordance with the requirements of P–C.R. 2. *Collins v. State*, 817 N.E.2d 230 (Ind.2004).[1]

In the instant case, at the hearing on his P–C.R. 1 petition for post-conviction relief, Olvera orally moved to amend his P–C.R. 1 petition to include a sentence challenge. The post-conviction court granted the motion. This was error in light of *Collins*, which required the post-conviction court to

1. In *Collins*, the defendant pled guilty pursuant to an open plea and did not file a direct appeal. Collins subsequently filed a petition for post-conviction relief alleging erroneous sentence. The post-conviction court denied the petition, finding that Collins' sentencing claim was not available because he could have, but failed to raise the issue on direct appeal. Collins appealed, and a panel of this court affirmed the denial of post-conviction relief. The State sought and was granted transfer. The State argued that Collins' sentencing claim had been procedurally defaulted because he failed to raise it on direct appeal.

On transfer, our supreme court considered "whether an individual who pled guilty in an open plea may challenge the sentence in post-conviction proceedings or whether the claim is not available because it could have been but was not raised on direct appeal." *Id.* at 232. It held that "the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C.R. 2." *Id.* at 233. Accordingly, it found that the post-conviction court "should have dismissed [Collins'] petition for post conviction relief without prejudice to any right Collins may have to file a belated notice of appeal in accordance with the requirements of P–C.R. 2" and declined to review the merits of Collins' sentencing claim. *Id.*

dismiss Olvera's sentencing claim without prejudice for lack of jurisdiction. Thus, we must agree with Olvera's assertion that the post-conviction court was "jurisdictionally incapable of resolving his sentence claim on the merits." Olvera's Br. at 11.

Olvera is not, however, entitled to his desired relief because we do not find that the post-conviction court actually resolved his sentencing claim on the merits. Paragraph nine of the post-conviction court's conclusions of law states,

> 9. The defendant's complaint that his sentence was improperly enhanced above the presumptive sentence without the defendant having any criminal convictions is without merit. A petition for Post Conviction Relief is not the proper venue to challenge the merits of a sentence. The proper procedure for a defendant who has pled guilty in an open plea and who wants to challenge his sentence is to file a direct appeal under Rule 7 of the Indiana Rules of Appellate Procedure or if the or if the [sic] time for filing a direct appeal has run, to file an appeal under PCR 2. *Collins v. State,* 817 N.E.2d 230 (Ind.2004).

(Olvera's App. 73). Reading the initial sentence of paragraph nine in the context of the remaining language in the paragraph leads us to the conclusion that the post-conviction court's intention was not to deny Olvera's sentencing claim on the merits, but rather, to alert him that under the circumstances, his attempt to challenge his sentence by way of a P–C.R. 1 petition for post-conviction relief was procedurally improper.

Olvera raises no challenge to the post-conviction court's resolution of his P–C.R. 1 claims on the merits. Accordingly, as to

Olvera's claims that his trial counsel was ineffective; that he was not apprised of the immigration consequences of pleading guilty; and that he was not advised of his right to consult with the Mexican consulate, we affirm the post-conviction court's judgment as to these issues. However, as to Olvera's claim that his sentence was improperly enhanced, we find that the post-conviction court should have dismissed the claim without prejudice for lack of jurisdiction; therefore, as to this claim, we reverse and remand with instructions to vacate its conclusions of law as found in paragraphs nine and eleven[2] of its judgment.

As noted above, Olvera has the right to petition for permission to file a belated notice of appeal under P–C.R. 2. We express no judgment as to whether he qualifies thereunder, and choose to leave that matter to be decided by the post-conviction court.

Affirmed in part, reversed in part, and remanded with instructions.

RILEY, J., and VAIDIK, J., concur.

---

2. Paragraph eleven of the post-conviction court's conclusions of law states, "The law on the merits of the petition is with the State and against the petitioner." (Olvera's App. 67).