**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 21 2014, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN M. KOLBUS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LAURA JONES,                    )
                               )
    Appellant-Petitioner,       )
                               )
        vs.                  )    No. 49A02-1307-PC-651
                               )
STATE OF INDIANA,               )
                               )
    Appellee-Respondent.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-0905-PC-47322

**April 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Laura Jones appeals the post-conviction court's denial of her petition for post-conviction relief, raising a single issue for our review: whether Jones received ineffective assistance of trial counsel. Concluding Jones received adequate assistance and that the post-conviction court did not err in denying her petition, we affirm.

## Facts and Procedural History

On May 12, 2009, Officer Brad Millikan of the Indianapolis Metropolitan Police Department responded to a report of a forgery in progress at a Fifth Third Bank branch. A bank employee informed the officer that Jones attempted to cash a check from an account belonging to someone else and that the signature on the check did not match that of the account holder. The branch manager informed the officer that the check had been reported stolen by the account holder, Elaine Jones ("Elaine"), who is Jones's mother. Jones told the officer that she had a drug addiction and stole the check from her mother to pay a debt owed to a drug dealer. The officer also spoke with Elaine, who confirmed that the check had been stolen.

On May 13, 2009, Jones was charged with forgery, a Class C felony, and theft, a Class D felony, and Jones hired Jackie Butler to represent her as trial counsel. Jones's case was eventually transferred to the Marion County Drug Court. On April 6, 2010, Jones entered into a plea agreement under which her charges would be dismissed contingent upon successful completion of the court's drug treatment program. However, Jones was terminated from the program on August 17, 2010, after she was charged with another criminal offense. As a result, convictions were entered against Jones for forgery and theft.

On January 18, 2012, Jones filed her petition for post-conviction relief, alleging ineffective assistance of trial counsel. The post-conviction court held hearings on November 2, 2012; February 19, 2013; and May 14, 2013. On June, 28, 2013, the post-conviction court denied Jones's petition. Jones now brings this appeal.

Discussion and Decision

I. Standard of Review

A petitioner seeking post-conviction relief bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who is denied post-conviction relief appeals from a negative judgment, which may be reversed only if "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." Stevens v. State, 770 N.E.2d 739, 745 (Ind. 2002), cert. denied, 540 U.S. 830 (2003). We defer to the post-conviction court's factual findings, unless they are clearly erroneous. Id. at 746.

The Sixth Amendment's "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of counsel, a convicted defendant must show (1) that counsel's performance was deficient such that it fell below an objective standard of reasonableness based on prevailing professional norms and (2) the defendant was prejudiced by counsel's deficient performance. Id. at 687. When considering whether counsel's performance was deficient, the reviewing court begins with a "strong presumption" that counsel's performance was reasonable. Id. at 689. A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

When a defendant contests his guilty plea based on claims of ineffective assistance of counsel, we apply the same two-part test from Strickland discussed above. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The first part, regarding counsel's performance, is largely the same. Id. The prejudice requirement, however, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The two prongs of the Strickland test—performance and prejudice—are independent inquiries, and both prongs need not be addressed if the defendant makes an insufficient showing as to one of them. 466 U.S. at 697. For instance, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed" without consideration of whether counsel's performance was deficient. Id.

## II. Ineffective Assistance of Counsel

Jones asserts that she received ineffective assistance of trial counsel based on two alleged deficiencies: (1) failure to investigate and (2) failure to properly advise Jones of her right to a jury trial.

### A. Failure to Investigate

First, Jones asserts that trial counsel failed to investigate a potential defense that Jones had permission to use Elaine's checks and that the check in question was not

stolen. After being hired as counsel, Butler spoke with Jones, who told her that she had her mother's permission to use the check on the day she was arrested. Butler also met with Elaine, who also told Butler that she had given her daughter permission to use the check. Butler had several meetings with Jones, discussing her potential defense, its conflict with the probable cause affidavit, and Jones's chances of success at trial. Butler then presented Jones and Elaine's version of events to the State, in hopes of securing a favorable plea agreement.

Jones does not suggest what further investigation would be required to achieve an objective standard of reasonableness, other than to say "Ms. Butler failed to conduct depositions . . . ." Brief of Appellant at 5. The crux of any defense of Jones's authorized use of the check would be testimony from Jones and Elaine, and there is no dispute that Butler was fully aware of what their testimony would be on the subject. When confronted with a claim of ineffective assistance for failure to investigate, we afford trial counsel a great deal of deference. Boesch v. State, 778 N.E.2d 1276, 1283 (Ind. 2002). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation." Id. at 1283-84 (quoting Strickland, 466 U.S. at 690-91). We are not persuaded that trial counsel's investigation and strategic decision to obtain a favorable guilty plea—after consultation with and authorization from Jones—fell below objective standards of reasonable performance.

### B.  Insufficient Advisement of Right to Jury Trial

Second, Jones claims her trial counsel's performance was deficient for failing to adequately advise Jones of her right to trial by jury.  In this vein, Jones highlights her allegation that Butler pressured Jones to enter into a plea agreement and told her that she would not receive a fair trial because the trial court judge was a victim of forgery.  It is clear from the post-conviction court's decision, however, that the court did not credit Jones's contentions on this point.  The post-conviction court noted that Butler was not questioned regarding this allegation and made a proper inference that Butler would not have agreed with Jones's version of events.[1]  See Dickson v. State, 533 N.E.2d 586, 589 (Ind. 1989) (stating post-conviction court may infer that trial counsel would not have corroborated petitioner's allegations where trial counsel is not presented at the hearing).  The post-conviction court also noted testimony that Butler discussed the option of a trial with Jones, and Jones confirmed in her plea agreement that she understood her right to a trial by jury.  We are not in a position to reweigh the evidence or question the post-conviction court's assessment of witness credibility.  We conclude Jones has failed to carry her burden that the post-conviction court's decision was erroneous with respect to Butler's advisement of Jones's right to a jury trial.

### Conclusion

Concluding the post-conviction court's denial of Jones's petition was not error, we affirm.

Affirmed.

---

[1]  To clarify, Butler testified at the first post-conviction hearing, but she was not questioned regarding this particular allegation.

6

RILEY, J., and BRADFORD, J., concur.